IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NICOLETTE CREMEANS**, *et al.*, | : |
| | : |
| Plaintiffs, | : |
| | : Case No. 2:19-CV-2703 |
| v. | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| **SAMANTHA TACZAK**, *et al.*, | : |
| | : Magistrate Judge Deavers |
| Defendants. | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs, Nicolette Cremeans's and James Cremeans's, Motion to Enforce Court's October 23, 2019 Order (ECF No. 33) and Defendants' Motion to Stay Execution of the Court's Order Granting Plaintiffs' Preliminary Injunction Pending Resolution of Defendants' Appeal (ECF No. 35). For the reasons set forth below, Plaintiff's Motion (ECF No. 33) is **GRANTED**, and Defendants' Motion (ECF No. 35) is **GRANTED** in part and **DENIED** in part. Defendant's Motion for Leave to File a Supplemental Memorandum in Support of its Motion to Stay is also **GRANTED.** (ECF No. 38).

**I.     BACKGROUND**

This Court has recited the operative facts of this case in its Order granting Plaintiffs' motion for a preliminary injunction (ECF No. 31) and incorporates those facts here. After this Court granted Plaintiffs' motion for a preliminary injunction, Plaintiffs moved to enforce the order and to require the Defendants to deliver to the Court or Plaintiffs' counsel the seized property and money. (ECF No. 33). Defendants oppose this motion, arguing it is premature since the Court has not yet entered an enforceable judgement on the preliminary injunction order pursuant to Fed. R. Civ. P. 58. (EC No. 34). Defendants ask this court to construe Plaintiff's motion as a request for

1

entry of judgement pursuant to Fed. R. Civ. P. 58(d) and to grant the motion, without objection from Defendants. *Id.* at 2.

Concurrently, Defendants filed a Motion to Stay Execution of the Court's Order Granting Plaintiffs' Preliminary Injunction Request Pending Resolution of the Defendants' Appeal. (ECF No. 35). Defendants argue that a stay of this Court's order granting a preliminary injunction is necessary because the appeal raises a significant legal issue and because the preliminary injunction "forces an action that can never be undone." (ECF No. 35 at 2). Plaintiffs oppose the motion for a stay arguing that Defendants have failed to meet the four factors required to stay an order pending appeal and requesting that this Court deny Defendants' request to waive a supersedeas bond. (ECF No. 40).

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 62(d), while an appeal is pending from an order granting a preliminary injunction, a court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." District and Appellate courts consider the same factors when determining whether the issuance of a stay is appropriate: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These four factors are not requirements that must all be met, but rather, "interrelated considerations that must be balanced together." *Simon Prop. Grp., Inc. v. Taubman Centers, Inc.*, 262 F. Supp. 2d 794, 797 (E.D. Mich. 2003).

Even though the factors considered when granting a stay are the same as those required for a grant of a preliminary injunction, a party requesting a stay does not always need to show a high probability of success on the merits. *Id.* at 798. Where the moving party demonstrates an irreparable injury, the probability of success that must be shown is proportionally less—simply put, "more of one excuses less of the other." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

## III. LAW AND ANALYSIS

The Federal Rules of Civil Procedure require that "[e]very judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). A party may submit a request to the court to enter judgement in a separate document. Fed. R. Civ. P. 58(d). Defendants have requested that this court construe Plaintiffs' motion as a request for entry of judgement pursuant to Fed. R. Civ. P. 58(d) and to grant the motion, (ECF No. 34 at 2). Accordingly, this Court construes Plaintiffs' motion to enforce as a motion to enter judgement pursuant to Fed. R. Civ. P. 58(d). Accordingly, Plaintiffs' motion is **GRANTED**.

Defendants also ask this Court to stay its order granting a preliminary injunction because the state will face irreparable harm if the money is returned to Plaintiffs and because the Defendants have shown the existence of a substantial legal issue on appeal.

### A. Likelihood of Success on the Merits

The first factor to be considered is the likelihood of success on the merits. This Court has already determined that Plaintiffs have shown a strong likelihood of success on the merits. (ECF No. 31). In a motion to stay a preliminary injunction pending appeal, the movant bears the burden of proving a likelihood of success on appeal. *See Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Defendants argue that their appeal raises a substantive legal issue because the Court's decision that Plaintiffs were not required to exhaust their state remedies is debatable, given that another Court within the Southern District of Ohio[1] came to a different conclusion in a similar case. (ECF No. 35 at 5-6). Defendants argue that the Court was required to apply the *Vicory-Parratt* line of cases requiring the exhaustion of state remedies because Plaintiffs allege that the property deprivation was a result of "alleged unauthorized conduct." *Id.* at 8.

Not so. As this court indicated in its order granting the preliminary injunction, Plaintiffs are alleging that they have suffered a constitutional violation as a result of a delay in bringing a forfeiture proceeding because Ohio law does not provide a timeframe in which the state is required to bring a forfeiture action. (ECF No. 1 at 5-6). They are not alleging, as the plaintiff did in *Great Elk Dancer*, that defendants applied existing laws in an unconstitutional manner due to plaintiff's nationality. (ECF No. 43 at 3; No. 42-1) (quoting *Great Elk Dancer* and noting that in that case, police "wrongfully served, a search warrant."); *see also Great Elk Dancer*, 129 F. Supp. 3d 546, 549 (S.D. Ohio 2015). Instead, Plaintiffs allege that the state's policy of holding seized property "from the citizenry for all eternity" pending an "ongoing investigation" is unconstitutional because it constitutes a "deprivation of property caused by conduct undertaken pursuant to established state procedures." (ECF No. 1 at 5-6). Thus, Defendants have failed to show that *Great Elk Dancer* applies in this instance.

Defendants also argue that Plaintiffs have made "numerous allegations of unauthorized conduct" that "culminate in the unfounded implication that the money was actually stolen by the officers." (ECF No. 43 at 5). It is true that Plaintiffs have made these allegations and implications

---

[1] *Great Elk Dancer for his Elk Nation v. City of Logan*, 129 F. Supp. 3d 546, 549 (S.D. Ohio 2015).

in passing throughout their pleadings. (ECF No. 21 at 1-7). These implications, however, do not change the nature of their allegations, which relate to Ohio's unconstitutional policy permitting property to be seized indefinitely with no limit to the time period between the seizure and the bringing of a forfeiture specification.

As other courts have noted, this first factor is, "conceptually, the most difficult to apply," since "[l]ogic dictates that a court will seldom [grant] an injunction, then turn around and [deny] one pending appeal." *Boyd v. United States*, 2002 U.S. Dist. LEXIS 25425, *3 (E.D. Kentucky 2002) (citing *Dayton Christian Sch. v. Ohio Civil Rights Comm'n*, 604 F. Supp. 101, 103 (S.D. Ohio 1984)). A court is not required "to find that ultimate success by the movant is a mathematical probability" and the "necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Dayton Christian Sch.*, 604 F. Supp. at 103.

### B. Irreparable Harm

With respect to the irreparable injury inquiry, Defendants argue that Plaintiffs have admitted that they will spend the money that was seized if it is returned to them. (ECF No. 43 at 2). Plaintiffs do not dispute this, arguing that Defendants will not suffer irreparable harm because the Defendants have not been "unconstitutionally deprived of property without due process of law whereas . . . Plaintiffs have suffered irreparable harm and are continuing to suffer irreparable harm." (ECF No. 40). In determining whether an alleged harm is irreparable, courts examine: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

Defendants have established the likelihood that Plaintiffs will spend any money that is returned to them by citing to Plaintiffs' statements at the preliminary injunction hearing. (ECF No.

38 at 2-3). Plaintiffs do not dispute this, but counter that they have been and continue to be injured by the Defendants' unconstitutional delay in bringing forfeiture proceedings, because the August 2019 forfeiture specification fails to account for "*not just currency, but a significant amount of other personal property involved in this case,* which is not even the subject of any forfeiture action, to date." (ECF No. 40 at 2). Defendants argue that the currency not subject to the forfeiture specification cannot be returned because it "is evidence and pending forfeiture" in an unrelated criminal proceeding[2] and the return of it "puts the public at great risk that the currency will be used in connection with further drug trafficking." (ECF No. 35 at 2).

Monetary damages seldom constitute irreparable harm. *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002). Here, the irreparable harm identified by the Defendants is that the property listed in the forfeiture specification is part of an ongoing criminal proceeding and, absent a stay, Plaintiffs will certainly spend the money and the state will be unable to forfeit those proceeds. (ECF No. 35 at 4-5). Forfeiture is a form of punishment imposed upon a defendant found guilty of a substantive criminal offense. *Libretti v. United States*, 516 U.S. 29, 39 (1995) (discussing nature of forfeiture and noting that both criminal and civil forfeiture are "punitive in nature").

It is true that Defendants will face an injury if the money listed in the forfeiture specification and that is the subject of an ongoing criminal procedure were spent and not returned, since that currency would be "lost in commerce and cannot then be forfeited." (ECF No. 35 at 4). Ultimately, the purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395

---

[2] Defendants have made clear that the unrelated criminal proceeding is not a drug trafficking charge, but rather, a drug possession charge. (ECF No. 38 at 3).

6

(1981). This Court, however, remains at a loss to comprehend Defendant's insistence on a stay even as to the currency and property that is not the subject of a forfeiture specification. Thus, while Defendants have established irreparable harm as to the money listed in the forfeiture specification, they have failed to establish irreparable harm as to the money and property that was seized but not included in the forfeiture specification. The injury to the Plaintiffs from being deprived of property without due process far outweighs the harm that accrues to Defendants from retaining property that they have failed to make the subject of any forfeiture proceedings.

While Defendants fail to demonstrate a strong likelihood of success on the merits, they have raised the minimum required "serious questions going to the merits" where a strong showing of irreparable harm has been made. *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). Accordingly, this Court will partially **GRANT** Defendants' motion for a stay as to the property listed in the forfeiture specification. Defendants' motion is **DENIED** as to the remainder of the cash and property seized from Plaintiffs but not listed in any forfeiture specifications made since the filing of this case. Defendants are thus required to return cash in the amount of $2,859.18[3] and the following items:

> one jar of quarters and rolled change, lease agreements, an old rare coin collection, bank statements and other financial documents, car and motorcycle titles, a cell phone, thumb drives, a camera, a hard drive, sim cards, financial documents, car keys, passports[,] and other property.

(ECF No. 1 at 3).

Defendants also ask this Court to waive supersedeas bond since they are a political subdivision and Plaintiffs' property is held in trust. (ECF No. 35 at 10). As this Court has previously determined, the purpose of the bond requirement in Rule 62 is, at least in part, to protect

---

[3] Defendants seized $33,715 from Plaintiffs' home but only $30,855.82 was listed in the forfeiture specification.

"the non-appealing party from the risk of a later uncollectible judgment." *Tri Cty. Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, 311 F.R.D. 166, 172 (S.D. Ohio 2015). Further, while Rule 62(b) permits a party to obtain a stay by right upon posting posting bond, the Sixth Circuit has observed that this section of the rule "in no way necessarily implies that filing a bond is the only way to obtain a stay" and that "[i]t speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion" pursuant to subsection (d) of the rule. *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). A district court "retains the discretion to waive the requirement of bond or security" and "an inflexible requirement of a bond would be inappropriate where the party's ability to pay is not in doubt." *Elliot v. First Fed. Cmty. Bank of Bucyrus*, No. 2:17-CV-42, 2019 WL 2590572, at *3 (S.D. Ohio June 25, 2019) (internal quotation marks omitted).

This Court has ordered Defendants to hold Plaintiffs' property in trust. (ECF No. 11 at 4). Accordingly, Defendants' request is **GRANTED** since the property subject to the forfeiture specification will continue to be held in trust and Defendants' obligation to refrain from "diminishing, testing, or engaging in any spoliation of the property" is ongoing. (ECF No. 11 at 4).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Enforce Order is hereby **GRANTED.** (ECF No. 33). Defendants' motion for a stay pending appeal (ECF No. 35) is **GRANTED** in part as to the $30,855.82 listed in the August 2019 forfeiture specification, Defendants are **ORDERED** to continue holding that property in trust pending resolution of the appeal. Defendants' motion is **DENIED** in part as to the remainder of Plaintiff's cash and property and Defendants are **ORDERED** to return all of Plaintiffs' property and currency not subject to the August 2019 forfeiture specification, including cash in the amount of $2,859.18 and the following items:

> one jar of quarters and rolled change, lease agreements, an old rare coin collection, bank statements and other financial documents, car and motorcycle titles, a cell phone, thumb drives, a camera, a hard drive, sim cards, financial documents, car keys, passports[,] and other property.

(ECF No. 1 at 3).

**IT IS SO ORDERED.**

                                            _s/Algenon L. Marbley_
                                           **ALGENON L. MARBLEY**
                                           **CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: April 7, 2020**