IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLETTE CREMEANS**, *et al.*, | : | Case No. 2:19-cv-02703 |
| | : | |
| Plaintiffs, | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| v. | : | |
| | : | |
| **SAMANTHA TACZAK**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion for Reconsideration (ECF No. 137) of this Court's Order on Motions for Summary Judgment, Motion to Compel, and Motion to Strike (ECF No. 133). For the reasons set forth below, Plaintiffs' Motion for Reconsideration (ECF No. 137) is **DENIED**.

**I. BACKGROUND**

This Court provided an extensive background of this case in its August 17, 2022 Order (hereinafter "Order") (ECF No. 133). The Court thus recounts only those facts that are relevant to the motion *sub judice*. On June 27, 2019, Plaintiffs filed an Amended Complaint. (ECF No. 4). Plaintiffs allege violations of their constitutional rights under the Fourth and Fourteenth Amendments stemming from searches, seizures, and arrests executed by Defendants. (*See id.*). On August 2, 2021, Plaintiffs filed a motion for summary judgment. (ECF No. 94). On December 9, 2021, Defendants filed a combined response brief and cross-motion for summary judgment. (ECF No. 110). Plaintiffs combined their response and reply brief (ECF No. 123), and Defendants filed

a final reply (ECF No. 130). Separately, Plaintiffs moved to compel discovery (ECF No. 112) and Defendants moved to strike a portion of Plaintiffs' summary judgment briefing (ECF No. 131).

On August 17, 2022, this Court issued its Order denying Plaintiffs' motion for summary judgment, granting in part and denying in part Defendants' motion for summary judgment, and denying Plaintiffs' motion to compel discovery and Defendants' motion to strike. (ECF No. 133). In the Order, the Court summarized the triable issues in this case as the following: (1) whether Detective Taczak and Chief Washburn were personally involved in the delay after November 9, 2018, such that they could be liable for violating Plaintiffs' due process rights; (2) whether the City of Chillicothe is liable under *Monell* for an illegal official policy of holding seized property without initiating timely forfeiture proceedings; and (3) what remedies, if any, Plaintiffs are entitled to receive. (*Id*. at PageID 1307).

On August 29, 2022, Defendants filed a notice of appeal of the Order. (ECF No 135). On September 1, 2022, Plaintiffs filed the motion *sub judice*. (ECF No. 137). On September 6, 2022, this Court issued an order holding Plaintiffs' motion for reconsideration in abeyance pending the outcome of Defendants' appeal. (ECF No. 138). On August 15, 2023, the Sixth Circuit affirmed the Order. (ECF No. 142). On October 4, 2023, the Sixth Circuit issued a mandate. (ECF No. 144).

On November 21, 2023, Defendants filed a response in opposition to Plaintiffs' motion for reconsideration. (ECF No. 149). On December 13, 2023, Plaintiffs replied to Defendants' response in opposition. (ECF No. 155). The motion is now ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *Doyle v. Pollit*, No. 2:08-CV-761, 2010 WL 658652, at *1 (S.D. Ohio Feb. 22, 2010) (citing *Rodriquez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir.

2004)). Nonetheless, such motions are typically construed in the Sixth Circuit as either a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983). Here, Plaintiffs cite to Rule 60(b). (ECF No. 137 at PageID 1373).

Under Rule 60(b), the court may relieve a party from a final order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Motions for reconsideration serve a limited function and are justified only when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Doyle*, 2010 WL 658652 at *1. Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser,* No. 2:15-CV-956, 2016 WL 74986, at *1 (S.D. Ohio Jan. 7, 2016).

Motions for reconsideration are "not intended to re-litigate issues previously considered by the court or to present evidence that could have been raised earlier." *Doyle*, 2010 WL 658652 at *1 (citing *J.P v. Taft*, No. C2-04-692, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006)). Nor are motions for reconsideration a "mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could

3

have been submitted earlier." *Kittle v. State,* No. 2:05-CV-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.,* 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *see also Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)).

### III.    LAW & ANALYSIS

Plaintiffs argue they meet the standard for reconsideration because there has been a clear error of law. Specifically, Plaintiffs argue the following: (1) there is no question of fact whether Defendants controlled the seized property; (2) Rule 56e affidavits are not credibility judgments; (3) *Franks* hearings are permitted in federal civil cases; (4) all parties to a constitutional violation need not be named in a lawsuit; (5) a triable issue of fact exists concerning the amount of money seized from the house; and (6) Plaintiffs' motion to compel receipts was timely made. (ECF No. 137). This Court will address each of Plaintiffs' arguments in turn.

#### A.  Control Over the Seized Property

Plaintiffs argue there is no question of fact concerning whether Defendants controlled the property during the period of delay in this case. Plaintiffs cite to evidence already in the record and Ohio law governing custody of property to support their argument. This Court finds Plaintiffs are attempting to re-litigate issues previously considered by this Court. (*See* ECF No. 133 at PageID 1301-1303). This Court found that the evidence does not show decisively that Defendants can disclaim responsibility after November 9, 2018, and that their involvement in the ensuing delay remains a triable issue. (*Id*. at 1303). Ultimately, Plaintiffs' arguments are not based in Rule 60(b), change in the law, new evidence available, or a need to correct a clear error or prevent manifest injustice. Therefore, the Court declines to reconsider this issue.

### B. Rule 56e Affidavits

Next, Plaintiffs argue this Court should not have given weight to Defendant Taczank's search warrant affidavit. Plaintiffs argue the fact that the Court did not receive anything from the DEA and the fact that no allegation in the search warrant affidavit resulted in a criminal charge means this Court should not have given the search affidavit credence. Again, this Court finds Plaintiffs are attempting to re-litigate issues previously considered by this Court. (*See* ECF No. 133 at PageID 1282-1286). This Court found, based on the totality of the circumstances, Officer Taczak's affidavit supplied probable cause for the search warrant. (*Id*. at 1284-1285). Ultimately, Plaintiffs' arguments are not based in Rule 60(b), change in the law, new evidence available, or a need to correct a clear error or prevent manifest injustice. Therefore, this Court declines to reconsider this issue.

### C. *Franks* Hearing

Next, Plaintiffs argue this Court should grant Plaintiffs a *Franks* hearing or, at least, allow a jury to decide if Defendant Taczak was truthful in her testimony and search warrant affidavit. As an initial matter, this Court's Order did not limit Plaintiffs' ability to present to the jury that Defendant Taczak was allegedly untruthful in her testimony and search warrant affidavit. Rather, this Court's Order found that a *Franks* hearing in a civil action was procedurally improper. (*See* ECF No. 133 at PageID 1283-1284).

As for Plaintiffs' *Franks* hearing argument, Plaintiffs cite to *Hill v. McIntyre*, 884 F.2d 271, 275-76 (6th Cir. 1989) and *Mays v. City of Dayton*, 134 F.3d 809, 814-15 (6th Cir. 1998). In *Hill*, the Sixth Circuit found in a § 1983 action that "factfinding under the *Franks* standard is the providence of the jury." 884 F.2d at 275 (citing *Hindman v. City of Paris, Tex.*, 746 F.2d 1063, 1067 (5th Cir. 1984)). *Hill* cites to *Yancey v. Carroll Cty.*, 876 F.2d 1238 (6th Cir. 1989), which

5

held that "the question whether the judicial officer issuing the warrant would have done so even without the knowingly or recklessly false statement is one for the jury." *Id*. at 276.

Ten years later, in *Mays*, a § 1983 case, the Sixth Circuit stated "[a] *Franks* hearing may be merited when facts have been omitted in a warrant application, but only in rare instances." 134 F.3d at 815. *Mays* then discusses *United States v. Atkins*, 107 F.3d 1213, 1217 (6th Cir. 1997), a criminal case, which held "affidavits with potentially material omissions, while not immune from *Franks* inquiry, are much less likely to merit a *Franks* hearing than are affidavits including allegedly false statements." *Id*.

Based on *Hill*, *Yancey*, *Mays*, *Atkins*, and the cases this Court cited in its Order (*see* ECF No. 133 at PageID 1283), this Court still finds a *Franks* hearing is procedurally improper in this case. As this Court previously stated, Plaintiffs submitted no objective evidence of falsehood in Officer Taczak's affidavit. (*Id*. at PageID 1284). The issue of Defendant Taczak's truthfulness or untruthfulness in her testimony and search warrant affidavit is, thus, a question for the jury. Therefore, this Court declines to reconsider this issue.

### D. Parties Need Not be Named

Next, Plaintiffs argue there are viable claims for arrest and detention, because Plaintiffs did not need to sue Officers Shipley and King, and certain facts were not known to Plaintiffs at the time the amended complaint was filed. Again, this Court finds Plaintiffs are attempting to re-litigate issues previously considered by this Court. (*See* ECF No. 133 at PageID 1286-1288). This Court found that Plaintiffs knew the officers' identities and that those parties should have been added to the complaint, but the Court's deadline to do so and the statute of limitations had passed. (*Id.* at 1287). Ultimately, Plaintiffs' arguments are not based in Rule 60(b), change in the law, new

6

evidence available, or a need to correct a clear error or prevent manifest injustice. Therefore, this Court declines to reconsider this issue.

### E. Amount of Money Seized from the House

Next, Plaintiffs argue there is a genuine issue of material fact as to the money taken from Plaintiffs' home. Plaintiffs claim this Court improperly concluded that Plaintiffs' affidavits were "self-serving." Again, this Court finds Plaintiffs are attempting to re-litigate issues previously considered by this Court. (*See* ECF No. 133 at PageID 1289-1292). As this Court previously explained, "[s]elf-serving affidavits *alone* . . . are not enough to create an issue of fact sufficient to survive summary judgment." (*Id*. at 1291) (citing *Am. Nat'l Prop. & Cas. Co. v. Williamson*, 547 F. Supp. 3d 741, 750 (S.D. Ohio 2021)) (emphasis added). Ultimately, Plaintiffs' arguments are not based in Rule 60(b), change in the law, new evidence available, or a need to correct a clear error or prevent manifest injustice. Therefore, this Court declines to reconsider this issue.

### F. Motion to Compel Bank Receipt

Lastly, Plaintiffs argue this Court erred in denying their motion to compel the bank receipt. Again, this Court finds Plaintiffs are attempting to re-litigate issues previously considered by this Court. (*See* ECF No. 133 at PageID 1291-1292). As this Court previously stated, Plaintiffs' motion to compel filed on December 21, 2021 was not timely given that the bank receipt was discussed as early as the Fall of 2018 when the replevin hearing occurred, and Plaintiffs had ample time to ask for the receipt during the discovery period from September 2019 through the end of August 2021. (*Id*.). Ultimately, Plaintiffs' arguments are not based in Rule 60(b), change in the law, new evidence available, or a need to correct a clear error or prevent manifest injustice. Therefore, this Court declines to reconsider this issue.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration (ECF No. 137) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 19, 2023**