IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLETTE CREMEANS,** *et al.*, | : | Case No. 2:19-cv-02703 |
| | : | |
| **Plaintiffs,** | : | Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| v. | : | |
| | : | |
| **SAMANTHA TACZAK,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## OPINION & ORDER

This matter is before this Court on Plaintiffs' Motion *in limine* (ECF No. 184) and Defendants' Motion *in limine* (ECF No. 195). The Court issued oral decisions on the motions at the Final Pretrial Conference on Friday, November 22, 2024, but sets forth its reasoning more fully herein. For the following reasons, this Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion. Defendants' Motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Plaintiffs Nicolette and James Cremeans bring this case against the City of Chillicothe and several of its police officers including Detective Samantha Taczak and former Chief of Police Keith Washburn. (ECF No. 4). Plaintiffs claim violations of the Fourth Amendment and Fourteenth Amendment (and the Ohio constitution) arising from a search and seizure. (ECF No. 4).

The search and seizure occurred on January 10, 2018, when officers arrested Plaintiffs and executed search warrants. (*Id*. ¶¶ 8, 12, 15). According to the Amended Complaint, the seized items at issue include cash, "one jar of quarters and rolled change, lease agreements, an old rare coin collection, bank statements and other financial documents, car and motorcycle titles, a cell phone, thumb drives,

a camera, a hard drive, sim cards, financial documents, passports[,] and other property." (ECF No. 4 ¶ 9).

Defendants claim that after the execution of search warrants, Detective Taczak began investigating Mr. Cremeans for a drug trafficking offense, despite not finding any drugs in the search, based on the large amount of cash he could not explain possessing. (ECF No. 110 at 7). Between January 2018 and October 2018, Detective Taczak continued her investigation. (ECF No. 197 at 3). Defendants claim that in November 2018 the case was turned over to the Ross County Prosecutor for presentation to a grand jury for indictment. (ECF No. 110 at 7).

At the time Plaintiffs filed this case on June 26, 2019, the Ross County Prosecutor had neither brought a formal forfeiture action regarding the seized items nor charged Plaintiffs with any crimes. This Court held a preliminary injunction hearing in July 2019 and acknowledged that "[t]he Chillicothe Police Department acted diligently in investigating the case," but it was "at a loss to comprehend the state's failure to file in a timely manner civil forfeiture or request forfeiture in the first indictment." (ECF No. 31 at 20, 24).

On August 16, 2019, about nineteen (19) months after the search and seizure at issue, Mr. Cremeans was criminally charged with a violation of O.R.C. § 2927.21—Receiving Proceeds of an Offense Subject to Forfeiture Proceedings. (ECF No. 27-1). On November 19, 2020, the criminal charges and forfeiture specification against Mr. Cremeans was dismissed due to insufficient evidence pursuant to Ohio Criminal Rule 29 (ECF No. 110 at 9). Finally, on March 22, 2021, Defendants notified the Court that they had "transferred $30,191.00 to Plaintiffs' counsel" and were "no longer holding any of Plaintiffs' personal property or currency." (ECF No. 86).

With respect to Plaintiffs' Fourth Amendment claim, Plaintiffs argued "the arrests were warrantless and without probable cause, there was no search warrant for their persons or Ms.

Cremeans' purse, and both the search warrant affidavit and search warrant are constitutionally defective." (ECF No. 4). This Court granted Defendants' motion for Summary Judgment on this Fourth Amendment claim, stating: "Plaintiffs' claims for unconstitutional search, seizure, arrest, and detention are not viable." (ECF No. 133 at 17).

What remains is Plaintiffs' Fourteenth Amendment claim. Plaintiffs argue Defendants violated Plaintiffs' Fourteenth Amendment rights by keeping Plaintiffs' property without due process. (ECF No. 4). When denying parties' motions for Summary Judgment on Plaintiffs' Fourteenth Amendment claim, this Court noted:

> [T]hese are the core triable issues in the Court's view: (1) whether Detective Taczak and Chief Washburn were personally involved in the delay after November 9, 2018, such that they could be liable for violating Plaintiffs' due process rights; (2) whether the City of Chillicothe is liable under Monell for an illegal official policy of holding seized property without initiating timely forfeiture proceedings; and (3) what remedies, if any, Plaintiffs are entitled to receive.

(ECF No. 133 at 36).

The parties filed their motions *in limine* (ECF Nos. 184, 195), responses to motions *in limine* (ECF Nos. 196, 198), proposed jury instructions (ECF No. 191), supplemental proposed jury instructions (ECF Nos. 191, 194), and objections to the proposed jury instructions (ECF Nos. 199, 200). Parties also filed their exhibit lists (ECF Nos. 181, 192), witness lists (ECF Nos. 182, 193, 201) and a Joint Proposed Pretrial Order (ECF No. 197).

## II. STANDARD OF REVIEW

### A. Motions *in Limine*

The purpose of a motion *in limine* is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "It is well established that "[w]hether or not to grant a motion in limine falls within the sound discretion of the trial court." *Delay v. Rosenthal Collins Grp., LLC*, No. 2:07-cv-568, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012) (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012)). The guiding

3

principle is "to ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Courts should "exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay*, 2012 WL 5878873, at *2. Thus, "[w]hen a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Id.* Orders *in limine* which exclude broad categories of evidence should seldom be employed. The better practice is to deal with questions of admissibility as they arise. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison v. Stephenson*, No. 2:06-cv-283, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008) ("Courts ... are generally reluctant to grant broad exclusions of evidence *in limine*, because a court is almost always better situated during the actual trial to assess the value and utility of evidence."). "Whether or not to grant a motion *in limine* falls within the sound discretion of the trial court." *Delay*, 2012 WL 5878873, at *2. Additionally, "[a] ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)). Thus, this Court "may change its ruling at trial for whatever reasons it deems appropriate." *Id.*

### B. Applicable Rules of Evidence

Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant, and therefore generally admissible, so long as it "has any tendency to make a fact more or less probable," and so long as "the fact is of consequence in determining the action." Fed. R. Evid. 401. It is well established that "[t]he standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (internal citation omitted). "[A] piece of evidence does not need to carry a party's evidentiary burden in order to be relevant." *Id.* at 401.

4

Additionally, evidence can be relevant even if it does not relate to a fact in dispute, provided the evidence supplies background information about a party or issue. *See* Fed. R. Evid. 401 Advisory Committee's Notes ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."). Assuming evidence is relevant, Rule 403 nonetheless grants trial courts discretion to exclude that evidence "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Sixth Circuit has consistently held that the level of unfair prejudice necessary to exclude otherwise relevant evidence is a high bar and must be the type of evidence to "suggest a decision made on an improper basis." *United States v. Johnson*, 581 F. 3d 320, 327 (6th Cir. 2009).

Additionally, relevant evidence of character, character trait, or other acts is likewise inadmissible under Rule 404 "to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "[E]vidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The rules on character evidence bar its use for propensity—that is, "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The same holds true for prior crimes, wrongs, or bad acts; however, such evidence is admissible for other purposes not related to propensity. Fed. R. Evid. 404(b). One such purpose is impeachment, governed by Rule 609. Rule 609 states that a conviction of a crime punishable by more than one year's imprisonment "must be admitted, subject to Rule 403, in a civil case . . . ." Fed. R. Evid. 609(a)(1)(A). Any conviction "must be admitted," regardless of the term of punishment, if "the elements of the crime required proving . . . a dishonest act or false statement." Fed. R. Evid. 609(a)(2). A limiting principle

5

"applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," in which case the probative value of the conviction must substantially outweigh the prejudicial effect. Fed. R. Evid. 609(b). "This analysis applies to convictions . . . over ten years old whether or not the underlying offenses involved a dishonest act or false statement." Cox Paradise, LLC v. Erie Ins. Exch., No. 120CV01068JDBJAY, 2022 WL 808704, at *2 (W.D. Tenn. Mar. 16, 2022).

### III. LAW & ANALYSIS

First, this Court must clarify the triable issues. Plaintiffs and Defendants agree the Fourth Amendment claim was resolved when this Court granted, in part, Defendants' Motion for Summary Judgment (ECF No. 133). The parties now disagree on whether this Court has decided, as a matter of law, there was a due process violation. Plaintiffs argue that this Court held "[u]nder these circumstances, reasonable officers would have known that Plaintiffs had been deprived of their property without due process of law. Therefore, Defendants are not entitled to summary judgment on grounds of qualified immunity." Plaintiffs also argue that the *only current issues remaining* are:

> (1) whether Detective Taczak and Chief Washburn were personally involved in the delay after November 9, 2018, such that they could be liable for violating Plaintiffs' due process rights; (2) whether the City is liable under Monell for illegal officer policy of holding seized property without initiating timely forfeiture proceedings; and (3) what remedies, if any, Plaintiffs are entitled to receive.

(ECF No. 184 at 4).

In its responses to Plaintiffs' Motion, Defendants argue that, rather than the above being the only current remaining issues, this Court stated that these are the "core triable issues." (ECF No. 133 at 36). Indeed, this Court decided in granting the Preliminary Injunction that the total time the property was held violated due process by denying Plaintiffs a timely forfeiture; nonetheless, "a court's

6

resolution of issues in a preliminary-injunction order is never binding on a case's underlying merits." *See Mktg. Displays Int'l v. Shaw*, 93 F.4th 967, 971-972 (6th Cir. 2024).

This Court made clear in the Summary Judgment decision that it "has little doubt that Plaintiffs' constitutional rights were violated, for substantially the reasons stated in the preliminary injunction ruling." (ECF No. 133 at 25). As emphasized in the opinion, "significant delay in bringing a forfeiture proceeding can rise to the level of a due process violation under the Fifth and Fourteenth Amendments. . . The delay in this case—from the seizure of Plaintiffs' property in January 2018 to the second indictment in August 2019—was deemed "substantial and presumptively prejudicial" in the Court's preliminary injunction ruling." (ECF No. 133 at 25–26). This Court held that "'Due process requires a meaningful hearing within a meaningful time.' The Court was, and still is, 'at a loss to comprehend the state's failure to file in a timely manner civil forfeiture or request forfeiture in the first indictment.'" (*Id*. at 26-27).

As a matter of law, there is a due process violation: "[t]he Barker analysis in the preliminary injunction ruling continues to show a constitutional violation. Even so, genuine issues of material fact remain regarding who is accountable for the deprivation." (*Id*. at 26-27).

### A. Plaintiffs' Motion *in limine*

#### 1. Evidence Related to Mr. Cremeans's Past Convictions

The parties agree that there are seven felony convictions on Mr. Cremeans's record. Four convictions are for possession of cocaine, two convictions are for trafficking cocaine, and one is for receiving stolen property. Six of these seven convictions are more than ten years old. The two more recent convictions are both for possession of cocaine, one for criminal charges which occurred in

7

June 2018. Defendants do not request to use evidence regarding the receipt of stolen property but seek to admit evidence of Mr. Cremeans's trafficking and possession convictions.

| Conviction | Year of Charges | Year of Disposition |
|---|---|---|
| Drug Possession | 2001 | 2002 |
| Drug Possession | 2002 | 2002 |
| Drug Trafficking | 2002 | 2003 |
| Drug Trafficking | 2004 | 2005 |
| Receiving Stolen Property | 2007 | 2008 |
| Drug Possession | 2009 | 2011 |
| Drug Possession | 2018 | 2021 |

Plaintiffs move to exclude any evidence related to Mr. Cremeans's past convictions pursuant to Fed. R. Evid. 404 which provides that admission of past convictions is prohibited unless to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (ECF No. 184 at 2). Plaintiffs explain that there is no triable claim where the permitted uses of past convictions under Rule 404 is at issue. (*Id*.).

Defendants, however, argue that these past convictions are generally admissible under Rule 609 which provides past convictions punishable by death or more than one year of imprisonment "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant" Fed. R. Evid. 609(a). Defendants separated their response in two categories: (1) Mr. Cremeans's 2018 drug possession conviction; and (2) Mr. Cremeans's 2002 and 2004 drug trafficking convictions and other possession convictions.

Defendants wish to include evidence of the 2018 conviction for possession as it is relevant to the extent it "played into the prosecutor's delay in filing the charges and forfeiture at issue here." (*Id*.). The charges for the conviction occurred on June 1, 2018, which was during Detective Taczak's underlying investigation at issue in this case and is within the timeframe permitted by Rule 609. Inclusion of such conviction, however, is subject to Rule 403; therefore, Plaintiffs argue that using the more recent possession convictions "presents a substantial risk that the jury could conclude that Defendants had a legitimate basis for retaining the seized property. But as this Court noted in its summary judgment order, the remaining triable issues are limited to the Officer Defendants' personal involvement, the City's *Monell* liability, and Mr. and Mrs. Cremeans's remedies." (ECF No. 198 at 5–6). The timing of the charges and the possibility of it implicating the Defendants' involvement in the issue of delay, however, gives it a high probative value that is not outweighed by any risk of unfair prejudice, misleading the jury, and wasting time.

Defendants also maintain that Mr. Cremeans's cocaine trafficking convictions and the various additional possession convictions, are relevant to his credibility on a core issue at trial: whether Mr. Cremeans was deprived of his property. (ECF No. 196 at 5). Detective Taczak's investigation was centered on a theory that the cash seized was not Mr. Cremeans's property, but instead was evidence of Mr. Cremeans's involvement as a middleman in a drug trafficking scheme. (*Id*). Defendants argue that if Mr. Cremeans denies this theory of ownership, evidence that Mr. Cremeans previously trafficked cocaine would be relevant for the credibility of his testimony. (*Id*. at 6).

As noted by Plaintiffs, a limiting principle "applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," in which case the evidence of the conviction is admissible only if the probative value of the conviction substantially outweighs the prejudicial effect. Fed. R. Evid. 609(b). The Sixth Circuit has held that "Rule 609(b) creates in effect a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and

9

should be excluded." *United States v. Peatross*, 377 F. App'x 477, 489 (6th Cir. 2010) (quoting *United States v. Sims*, 588 F.2d 1145 (6th Cir. 1978)).  The Sixth Circuit notes that, when decided whether to include convictions over ten years old, courts should consider: "(1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness's subsequent history, (3) the similarity between the earlier crime and the charged offense, (4) the importance of the defendants' testimony, and (5) the centrality of the credibility issue." *Id*.

Here, Mr. Cremeans's convictions that are over ten years old are offered by Defendants to support a "theory of ownership." This does not have a probative value that substantially outweighs the prejudicial effect of drug related convictions. The trafficking convictions and various possession convictions that occurred 10 years or more before the delay at issue in this case are similar to the criminal investigation claimed by Defendants and may provide Defendants an opportunity to impeach Plaintiffs on whether the property was indeed Plaintiffs' property. While this "theory of ownership" may be an issue Defendants wish to address at trial, proof of Mr. Cremeans convictions for drug trafficking and possession based on charges between 2001 and 2004 do not add value to the credibility of claims of ownership of property 14 to 17 years later in the 2018 investigation at issue in this case. The little value added to this "theory of ownership" is not enough to overcome the "rebuttable presumption that convictions over ten years old are more prejudicial than helpful." *Id*.

Accordingly, Plaintiffs' motion to exclude evidence related to Mr. Cremeans's past convictions is **GRANTED in part and DENIED in part**. The drug possession convictions that were more than ten years old at the time of trial must be excluded pursuant to Rule 609 and due to each being more prejudicial than helpful. Defendants state they do not plan to include the receipt of stolen property conviction; nonetheless, this Court notes it must also be excluded due to its prejudicial effect. Evidence of the June 2018 conviction for possession may be admitted as it is relevant to the 2018 investigation, implicates the delay at issue in this case, and its probative value is not

substantially outweighed by a danger of unfair prejudice, confusing the issues, or other reasons for exclusion under Rule 403.

2. *Evidence of the Criminal Investigation into Mr. Cremeans*

Like its argument to exclude Mr. Cremeans's past convictions, Plaintiffs argue the details of the underlying investigation leading to the January 10, 2018, search and seizure is irrelevant for the remaining claims. (ECF No. 184 at 6).

This Court has resolved the Fourth Amendment claim at Summary Judgment, so there is no issue regarding the constitutionality of the search warrants or whether there was probable cause to support the initial search warrant. (*Id*. at 7). Defendants claim that after the execution of search warrants, Detective Taczak began investigating Mr. Cremeans for a drug trafficking offense. (ECF No. 110 at 7). Plaintiffs argue that this investigation is irrelevant as the fact that Mr. Cremeans was suspected of drug trafficking activity is irrelevant to the remaining question of whether defendants were involved in and liable for the delay at issue in this case. (*Id*. at 7).

As Defendants explain, however, certain information is relevant to provide context of the search and reason for the delay. (ECF No. 196 at 7). This Court notes that, in response to Defendants' motion to exclude any argument that the initial search, seizure, arrest, and detainment is unconstitutional, Plaintiffs argued "to the extent Defendants intend their motion to exclude even testimony regarding the facts surrounding the search, seizure, arrest, and detention in January 2018, that would sweep too far." (ECF No. 198 at 9). This argument applies here as well. Facts surrounding the search, seizure, arrest, and detention include the fact that such events occurred as a result of a criminal investigation.

Defendants additionally argue that the underlying issue is whether the Defendants personally withheld Plaintiffs' property and "the context in which these officers did these matters." (ECF No. 196 at 7). Defendants wish to include details of the underlying investigation to show that Defendants

11

expected Mr. Cremeans to be involved in a larger drug trafficking scheme and thus expected the process for an indictment to take longer which could explain the delay in this case. (ECF No. 196 at 7).

Nonetheless, this Court must exercise its discretion to exclude evidence "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Detailing the underlying investigation has a high risk of unfair prejudice, confusing the issues, and misleading the jury. This Court has decided that, with respect to Plaintiffs' Fourteenth Amendment claim, there is a constitutional violation but "genuine issues of material fact remain regarding who is accountable for the deprivation." (ECF No. 133 at 26-27). The specific details of the investigation into drug trafficking and the suspected activity are not at issue and are not relevant for proving whether Defendants are liable for the substantial and presumptively prejudicial delay in this case.

Therefore, Plaintiffs' motion to exclude evidence of the criminal investigation into Mr. Cremeans is **GRANTED in part and DENIED in part**. Evidence is permissible to the extent that it proves: (1) there was an investigation and items were seized, (2) it led to an indictment, and (3) the indictment was later dismissed.

3. *Officer Awards and Commendations*

Plaintiffs state that "Defendants may seek to introduce evidence of training certificates and related commendations given to Defendants Taczak and Washburn." Plaintiffs argue that such evidence is inadmissible under Fed. R. Evid. 404 and Fed. R. Evid. 608 as character evidence used to bolster credibility. (ECF No. 184 at 10). Defendants, however, respond that this is not an issue and will limit its evidence on the matter to a brief background on training and experience relevant to the case. (ECF No. 196 at 7–8). Accordingly, this motion is **DENIED as moot**. Defendants are

limited to offering the officers' background and experience relevant to this case, consistent with this opinion.

### B. Defendants' Motion *in limine*

#### 1. *Evidence of damages other than nominal*

Defendants wish to exclude any evidence or arguments for damages other than nominal damages. (ECF No. 195 at 2). Plaintiffs had an opportunity to provide details regarding damages during discovery but, in making initial disclosures, Plaintiffs indicated damages "will be disclosed" without making any supplement disclosing any damages during the discovery period. (*Id*. at 3). Defendants concluded that Plaintiffs have only argued deprivation of property without due process and thus, Plaintiffs are limited to nominal damages. (*Id*.).

Defendants support their argument by citing *Carey v. Piphus*, 435 U.S. 247, 264 (1978). In *Carey*, the Court held that due process violations are "actionable for nominal damages without proof of actual injury" but injuries such as mental and emotional distress, is compensable when there is proof that such injury was caused. *Carey v. Piphus*, 435 U.S. 247, 264, 266 (1978). Defendants state that Plaintiffs have not pled any damages and cannot claim new injuries not plead or disclosed during discovery. (ECF No. 195 at 3). Defendants believe "to the extent Plaintiffs seek to ambush Defendants at trial with new damages, that should be precluded." (*Id*. citing *Stephen Michaels LLC v. Am. Suzuki Motor Corp*., E.D.Mich. No. 11-10678, 2011 U.S. Dist. LEXIS 145631, at *33 (Dec. 19, 2011)). Plaintiffs responded that their disclosures regarding damages, although not discussed in the responses to initial disclosures, was disclosed on the record in the preliminary injunction proceedings. (ECF No. 198 at4).

The record reflects that Plaintiffs have claimed damages beyond nominal damages. During the Preliminary Injunction proceeding, for example, Plaintiffs discussed the impact of the delay at issue in this case. Ms. Cremeans stated she was "pinching pennies trying to pay for [her] car every month,"

13

that they were "actively in a land contract on [their] home that [they] were not able to pay [their] taxes on," that her daughter had to drop out of acting classes "because [they] were not able to pay for those," and that they were "[f]inding it hard to even make the payments on [their] home every month." (ECF No. 36 at 21:6–14.) Mr. Cremeans stated Defendants' actions "put [them] behind on all [their] bills," that he was "about to lose [his] car," and that his "grandma's home was actually tor[n] down because [he] was supposed to be taking care of her and [he] didn't have the funds to take care of her or the property." (ECF No. 37 at 24:12–25:6). Plaintiffs also indicated in depositions that there were bills and financial obligations they were struggling to meet. (ECF No. 198-1; ECF No. 198-2). Defendants were made aware of specific arguments for damages other than nominal.

Plaintiffs have disclosed information to the extent that Defendants would not be "ambush[ed] . . . at trial with new damages" if Plaintiffs introduce evidence or make any argument regarding damages other than nominal. Accordingly, Defendants' motion to preclude such evidence or argument is **DENIED**. Evidence and arguments regarding damages may be introduced to the extent previously disclosed on the record.

### 2. *Arguments about Discretion to Return Property*

Defendants seek to preclude Plaintiffs from introducing any evidence or making any argument that Defendants had discretion to return the property at issue. (ECF No. 195 at 4). Defendants argue they had a statutory duty to keep the property safe until the evidence was no longer needed. (*Id*.). The property taken was evidence in a criminal case being conducted by the Ross County Prosecutor, thus, whether the evidence was no longer needed was left to the discretion of the Ross County Prosecutor. Under Ohio Revised Code § 2981.11(A)(1):

> Any property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.

14

Defendants argue § 2981.11(A)(1) imposes the statutory duty requiring Defendants to "keep the evidence safe until it was 'no longer needed as evidence.'" (ECF No. 195 at 4). Thus, "it would be improper to allow any argument that suggests Defendants should have violated state law and unilaterally returned the property." (*Id*.). Plaintiffs, on the other hand, interpret § 2981.11(A)(1) to only impose one duty: to keep the Cremeans's property safe so long as they chose to hold onto it.

This Court recognizes the duty indicated by the Defendants, but also notes "[t]he statute both allows law enforcement to keep property as evidence, but also imposes a duty on law enforcement to return seized property without unnecessary delay." *Whitfield v. Muskingum Cnty., Ohio*, No. 2:23-CV-1448, 2024 WL 4227040, at *9–10 (S.D. Ohio Sept. 18, 2024) (citing *State v. Grace*, 2023-Ohio-165, ¶ 18, 205 N.E.3d 1255, 1259 (Ohio Ct. App. Jan. 20, 2023). Although there is a "general presumption in the law that property seized must be returned to its owner once criminal proceedings conclude," the pendency of a criminal proceeding is one element used in determining the reasonableness of delay in initiating forfeiture proceedings as required under the Due Process Clause. *Id*. Thus, Defendants' motion in *limine* to preclude Plaintiffs from introducing any evidence or making any argument that Defendants had discretion to return the property at issue is **DENIED**.

3. *Preclude Plaintiffs from introducing any evidence or making any argument that searches, the initial seizure of property, detainments, or arrests were improper*

Plaintiffs' Amended Complaint includes a claim that the search, seizure, arrest, and detainment were improper in violation of the Fourth Amendment. (ECF No. 4). This Court granted Defendants' Motion for Summary Judgment on that issue and held "Plaintiffs' claims for unconstitutional search, seizure, arrest, and detention are not viable." ECF No. 133 at 17). Defendants seek to exclude any argument regarding this resolved issue. (ECF No. 195 at 4) Plaintiffs explain they do not seek to argue the issue "[b]ut to the extent Defendants intend their motion to exclude even testimony regarding the facts surrounding the search, seizure, arrest, and

15

detention in January 2018, that would sweep too far. The details of January 10, 2018, bear on the reasonableness of Defendants' conduct and Defendants' reckless and callous disregard for the Cremeans' Fourteenth Amendment rights." (ECF No. 198 at 8).

As indicated by Defendants and admitted by Plaintiffs, the Fourteenth Amendment claims and arguments regarding same are resolved. Defendants motion to exclude arguments that the initial search, seizure, detainment, or arrest was improper is **DENIED as moot.** To be clear, this exclusion does not preclude evidence that (1) there was an investigation and items were seized, (2) it led to an indictment, and (3) the indictment was later dismissed.

4. *Preclude Arguments that holding property until the case was turned over to the prosecutor was improper.*

Defendants argue that, as a matter of law, this Court held that "the property from the point of initial seizure [in January 2018] until the case was turned over to the Ross County Prosecutor for indictment [in November 2018] was a proper length of time." (ECF No. 195 at 4). Defendants further argue that here is no argument for Plaintiffs to make that this period violates due process. (*Id.*).

Again, this Court's prior Opinions provide relevant background. This Court stated in its Preliminary Injunction decision and later emphasized in its Summary Judgment decision that:

> The Chillicothe Police Department acted diligently in investigating the case. From January 10, 2018, when the search warrant was executed and the property seized, to June 2018, Officer Taczak was issuing subpoenas and waiting for responses. From June to September, the Chillicothe Police Department was compiling the case. This is a reasonable amount of time to expect law enforcement to compile the results of their investigation. But from November 9, 2018, when Officer Taczak submitted the case to the prosecutor, the Chillicothe Defendants have offered no explanation for the delay in bringing the indictment, other than being overworked and understaffed.

(ECF No. 133 a 30; ECF No. 31 at 20). While Defendants maintain that this amount of time for the investigation between January and November 2018 "cannot be criticized – the officers have immunity for that." (ECF No. 195 at 5), Plaintiffs argue this Court noted in its Preliminary Injunction

16

decision that "the total 'length of the delay here is twenty months' which this Court held 'is substantial and presumptively prejudicial.'" (ECF No. 198 at 9 (quoting ECF No. 31 at 19–20)).

Indeed, the Summary Judgment decision notes that "Defendants have offered no credible explanation for the latter half of the 19-month delay" and that one of the core triable issues is "whether Detective Taczak and Chief Washburn were personally involved in the delay after November 9, 2018, such that they could be liable for violating Plaintiffs' due process rights." Nonetheless, this Court denied Defendants' motion for summary judgment on grounds of qualified immunity and held "[t]he delay in this case—from the seizure of Plaintiffs' property in January 2018 to the second indictment in August 2019—was deemed 'substantial and presumptively prejudicial' in the Court's preliminary injunction ruling" and the *"analysis in the preliminary injunction ruling continues to show a constitutional violation."* (ECF No. 133 at 26–27). The delay at issue in this case is the nineteen-month period between the seizure of the property and the indictment.

As such, Defendants' motion is **DENIED**.

> 5. *Arguments that Less than the full amount was returned*

Defendants seek to exclude any evidence, argument, or suggestion that Chillicothe failed to return the full amount of currency or property at issue. (ECF No. 195 at 5). When denying Plaintiffs' Motion to Compel, this Court held: "Plaintiffs have not framed a genuine dispute of material fact on the amount seized . . . and the issue is resolved for Defendants." (ECF No. 133 at 21). Plaintiffs acknowledge that this Court resolved the issue of the amount seized in Defendants' favor at summary judgment and stated, "they will thus base their testimony regarding damages on the forfeiture amount of $30,855.22 and the $715 seized from Nicolette's person." (ECF No. 198 at 10). Accordingly, this motion is **DENIED as moot**.

*6. Preclude Any Reference of the Outcome of the Underlying Case*

While Defendants seek to include evidence of the underlying investigation and resulting charges, they additionally seek to exclude evidence of the outcome of the underlying criminal case. (ECF No. 195 at 5). Defendants argue that any such evidence is irrelevant to whether the initiation of prosecution was timely and would be prejudicial with no probative value because the criminal proceeding is subject a higher standard of proof than this civil matter. (*Id*. at 5–7). In its response, Plaintiffs explain that the disposition of the criminal proceeding is relevant for determining the reasonableness of Defendants' conduct and is relative for Plaintiffs' claim for punitive damages. (ECF No. 198 at 10–11). Plaintiffs further argue that "fundamental fairness demands that if Defendants are permitted to introduce evidence that James was indicted with criminal charges, he should be allowed to explain that those charges were dismissed for lack of evidence." (*Id*. at 13).

As explained above in this Court's decision to grant in part Plaintiffs' motion to exclude the underlying investigation, evidence in this case is relevant and thus permissible to the extent that it proves: (1) there was an investigation and items were seized, (2) it led to an indictment, and (3) the indictment was later dismissed. Accordingly, the motion to exclude any reference to the outcome of the underlying case is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion (ECF No. 184). Defendants' Motion is also **GRANTED in part** and **DENIED in part**. (ECF No. 195).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  December 4, 2024**