IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLETTE CREMEANS**, *et al.*, | : | Case No. 2:19-cv-02703 |
| | : | |
| Plaintiffs, | : | **Judge Algenon L. Marbley** |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| v. | : | |
| | : | |
| **SAMANTHA TACZAK**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

This matter is before this Court on several outstanding motions (ECF Nos. 208, 209, 220, 222, 224) in the above-captioned case and to direct counsel to file any motions for attorney's fees under Fed. R. Civ. P. 54 pursuant to Local Rule 54.2. For the following reasons, Defendants' Motion to Set a Pretrial Status Conference (ECF No. 208), and Motion for Leave to File an Additional Motion *in Limine* (ECF No. 209) are hereby **DENIED as moot**. Plaintiffs' Motions for Extension of Time to File Motion for Attorney's Fees and Costs (ECF Nos. 222, 224) are **DENIED**. Plaintiffs' Motion to Withdraw (ECF No. 220) is **HELD IN ABEYANCE** pending resolution of any forthcoming motions for attorney's fees**.**

### I. BACKGROUND

On June 26, 2019, Plaintiffs Nicolette and James Cremeans, represented by attorney Derek A. Farmer, later joined by attorney Sandra J. Finucane ("Former Counsel"), filed this civil rights lawsuit against the City of Chillicothe and police officers Detective Samantha Taczak and former Chief of Police Keith Washburn. (ECF No. 4). Plaintiffs claimed violations of the Fourth Amendment and Fourteenth Amendment arising from a search and seizure on January 10, 2018, when officers arrested Plaintiffs and executed search warrants. (*Id*. ¶¶ 8, 12, 15). The seized items included cash, "one jar of quarters and rolled change, lease agreements, an old rare coin collection, bank statements and other

financial documents, car and motorcycle titles, a cell phone, thumb drives, a camera, a hard drive, sim cards, financial documents, passports[,] and other property." (ECF No. 4 ¶ 9).

With respect to Plaintiffs' Fourth Amendment claim, Plaintiffs argued "the arrests were warrantless and without probable cause, there was no search warrant for their persons or Ms. Cremeans' purse, and both the search warrant affidavit and search warrant are constitutionally defective." (ECF No. 4). As to the Fourteenth Amendment claim, Plaintiffs argued Defendants violated Plaintiffs' constitutional rights by keeping Plaintiffs' property without due process. (*Id.*).

At the time Plaintiffs filed this suit on June 26, 2019, prosecutors had neither brought a formal forfeiture action nor charged them with any crimes. On July 12, 2019, days before this Court held a preliminary injunction hearing, the Ross County Prosecutor brought an indictment against Mr. Cremeans for "receiving proceeds of an offense subject to forfeiture proceedings," in violation of O.R.C. § 2927.21. That indictment did not include a separate forfeiture specification as required by O.R.C. § 2941.1417, nor had authorities initiated civil forfeiture proceedings. On August 16, 2019, a state grand jury returned a new indictment against Mr. Cremeans, which included the required forfeiture specification. (ECF No. 27-1). The criminal charges and forfeiture specification against Mr. Cremeans were dismissed on November 19, 2020, under Ohio Rule of Criminal Procedure 29. (ECF No. 70; ECF No. 110 at 9).

This Court held a preliminary injunction hearing on this matter on July 15 and 16, 2019, found in favor of Plaintiffs, and acknowledged that "[t]he Chillicothe Police Department acted diligently in investigating the case," but it was "at a loss to comprehend the state's failure to file in a timely manner civil forfeiture or request forfeiture in the first indictment." (ECF No. 31 at 20, 24). After this Court granted Plaintiffs' motion for a preliminary injunction, Plaintiffs moved to enforce the order and to require the Defendants to deliver to the Court or Plaintiffs' counsel the seized property and money. (ECF No. 33). On April 7, 2020, the Court granted Plaintiffs' motion to enforce the preliminary

2

injunction. (ECF No. 45 at 8–9). While this Court partially stayed that order "as to the $30,855.82 listed in the August 2019 forfeiture specification . . . pending resolution of the appeal" (*Id*. at 8), the other property was to be returned without delay, "including cash in the amount of $2,859.18" (i.e., the difference between the sum Plaintiffs allege was seized and the amount listed in the forfeiture specification) and the following items:

> one jar of quarters and rolled change, lease agreements, an old rare coin collection, bank statements and other financial documents, car and motorcycle titles, a cell phone, thumb drives, a camera, a hard drive, sim cards, financial documents, car keys, passports[,] and other property.

(*Id*. at 8–9). Defendants did not return the cash and coins immediately, so this Court set a show-cause hearing. Defendants argued "that they [were] unable to comply . . . because some of the specific property that was listed—the rolled coins and change and the rare coin collection—were included in the sum total of the forfeiture specification." (ECF No. 58 at 4). This Court reiterated its order to "turn over all physical property"—including the coins, since that particular property was not described in the forfeiture specification. (*Id*. at 5). Defendants reported, with video evidence to verify, that they surrendered the rolled and rare coins shortly before that order issued and the jar of quarters shortly after. (ECF No. 63). On March 22, 2021, Defendants, after Mr. Cremeans' criminal charges were dismissed, notified this Court that the remaining amount had been transferred to Plaintiffs' Former Counsel and Defendants were "no longer holding any of Plaintiffs' personal property or currency." (ECF No. 86).

Former Counsel continued pursuing this case on behalf of Plaintiffs after Plaintiffs received their property. In August 2021, Plaintiffs filed a Motion for Summary Judgment (ECF No. 94), and in December 2021, Defendants filed an opposition and a cross-Motion for Summary Judgment (ECF No. 110). This Court granted Defendants' Motion for Summary Judgment on the Fourth Amendment claim, stating: "Plaintiffs' claims for unconstitutional search, seizure, arrest, and detention are not viable." (ECF No. 133 at 17).

This Court denied the parties' motions for summary judgment on the Fourteenth Amendment claim but found there was a constitutional violation of Plaintiffs' due process rights and emphasized it "has little doubt that Plaintiffs' constitutional rights were violated, for substantially the reasons stated in the preliminary injunction ruling." (ECF No. 133 at 25). In finding a constitutional violation, this Court noted a "significant delay in bringing a forfeiture proceeding can rise to the level of a due process violation under the Fifth and Fourteenth Amendments. . . . The delay in this case—from the seizure of Plaintiffs' property in January 2018 to the second indictment in August 2019—was deemed 'substantial and presumptively prejudicial' in the Court's preliminary injunction ruling." (ECF No. 133 at 25–26). This Court further held: "'Due process requires a meaningful hearing within a meaningful time.' The Court was, and still is, 'at a loss to comprehend the state's failure to file in a timely manner civil forfeiture or request forfeiture in the first indictment.'" (*Id*. at 26–27). Nonetheless, "genuine issues of material fact remain regarding who is accountable" for the constitutional violation.

On August 22, 2024, after Former Counsel represented Plaintiffs from the inception of this case through a favorable preliminary injunction decision and a summary judgment decision, this Court granted Plaintiffs' Motion for Leave for Substitution of Trial Attorney (ECF No. 178). (ECF No. 179). Attorney Dustin M. Koenig of Jones Day (together with other counsel from Jones Day, the "Trial Counsel") was substituted as trial attorney for Plaintiffs, and attorneys Mr. Farmer and Ms. Finucane were withdrawn as Plaintiffs' counsel. (*Id*.).

This case moved forward with Trial Counsel representing Plaintiffs through pre-trial preparation. This included filings for proposed jury instructions (ECF Nos. 183, 190, 199), motions *in limine* (ECF Nos. 184, 198), and a trial brief (ECF No. 204). On November 27, 2024, days before trial, Ms. Finucane entered a Limited Notice of Appearance on behalf of Plaintiffs. (ECF No. 201). In response, Defendants filed an Emergency Motion to Set a Pretrial Status Conference (ECF No. 208). Defendants also filed Motion for Leave to File an Additional Motion *in Limine* (ECF No. 209). On

4

December 1, 2024, before holding *voir dire*, this Court held a conference with the parties to discuss the upcoming trial and remaining issues.

A jury trial on the Fourteenth Amendment claim commenced on December 1, 2024, with Trial Counsel representing Plaintiffs. During trial, this Court provided a jury instruction that "This Court has found as a matter of law that the Cremeans' constitutional rights to due process were violated. The constitutional violation was the failure to return all of their property for 19 months from January 10, 2018, until August 16, 2019 . . . ." (ECF No. 217 at 26). This instruction was consistent with this Courts holding at summary judgment.

The jury returned its verdict on December 5, 2024. On Plaintiffs' claim against Defendant Police Officer Samantha Taczak, the jury found in favor of Defendant Taczak. (ECF No. 218). On Plaintiffs' claims against Defendants former Chief of Police Keith Washburn and the City of Chillicothe, the jury found in favor of Plaintiffs. (*Id*.). The jury awarded damages in the amount of $5,000 for Plaintiff Nicolette Cremeans and $1.00 for Plaintiff James Cremeans. (*Id*.). The jury also assessed punitive damages in the amount of $10,000 against Defendant Washburn. (*Id*.). This Court entered the judgment accordingly on December 6, 2024. (ECF No. 221).

After trial, Ms. Finucane filed a Notice of Substitution of Counsel. (ECF No. 216). Subsequently, Trial Counsel filed a Motion to Withdraw As Counsel ("Motion to Withdraw"). (ECF No. 2020). In its motion, Trial Counsel notes it was filed at the written request of Plaintiffs and consistent with the Substitution of Counsel filed by Ms. Finucane. (*Id*.).

5

## II. LAW AND ANALYSIS

### A. Motion to Set a Pretrial Status Conference (ECF No. 208), and a Motion for Leave to File an Additional Motion in Limine (ECF No. 209)

Before trial, Defendants filed an Emergency Motion to Set a Pretrial Status Conference (ECF No. 208), and a Motion for Leave to File an Additional Motion *in Limine* (ECF No. 209). On December 1, 2024, before holding *voir dire*, this Court held a conference with the parties to discuss the upcoming trial and remaining issues. During the conference, Defendants raised the issues addressed in these motions and this Court resolved the issues for the reasons stated on the record. Thus, the pending Motion to Set a Pretrial Status Conference (ECF No. 208), and Motion for Leave to File an Additional Motion *in Limine* (ECF No. 209) are hereby **DENIED as moot**.

### B. Motion to Withdraw as Counsel (ECF No. 220)

After succeeding on Plaintiffs' Fourteenth Amendment claim at trial, Trial Counsel filed a Motion to Withdraw (ECF No. 220) following Ms. Finucane's filing for Substitution of Counsel (ECF No. 216). (ECF No. 220). This Court has discretion to grant or deny a Motion to Withdraw. *See e.g.*, *King v. Curtis*, 610 F. App'x 534, 537 (6th Cir. 2015) ("We review the denial of a motion to withdraw as counsel under the abuse of discretion standard."). The Sixth Circuit has noted that there are " several occasions when a district court ought to prohibit counsel from withdrawing." *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).

While this Court does not seek to prohibit counsel from withdrawing, this Court finds it appropriate to hold Trial Counsel's motion in abeyance pending resolution of the next stage in this case: motions for attorney's fees. Although attorney Ms. Finucane, along with her late husband Mr. Farmer, represented Plaintiffs for the majority of this case, Trial Counsel represented Plaintiffs in preparation for and throughout trial concluding in a verdict in favor of Plaintiffs. Certainly, this trial has concluded, but there is a remaining question regarding attorney's fees which directly implicates both Plaintiffs' Former Counsel and Trial Counsel.

6

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988(b), permits a court to award reasonable attorney fees to the "prevailing party" in a civil rights action brought under 42 U.S.C. § 1983. A plaintiff is not entitled to any attorney fees, however, unless it is a "prevailing party." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92, (1989). Section 1988 "requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). "If the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit,' the plaintiff has crossed the threshold to a fee award of some kind." *Texas State Tchrs. Ass'n*, 489 U.S. at 791–92. Once it has established prevailing party status, the "degree of the plaintiff's overall success goes to the reasonableness . . . not to the availability of a fee award." *Id*. at 793.

When a party is a "prevailing party" under Section 1988, an award of reasonable attorney's fees is "mandatory" absent "special circumstances" that would render the award unjust. *Deja Vu v. Met. Gov't of Nashville & Davidson Cty.*, 421 F.3d 417, 420 (6th Cir. 2005); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Additionally, courts may adjust the amount of the award based on the prevailing party's "degree of success" in obtaining relief. *Deja Vu*, 421 F.3d at 436.

As this Court noted at the conclusion of trial, Plaintiffs are the prevailing party. A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation. *Texas State Tchrs. Ass'n*, 489 U.S. at 791. A plaintiff crosses the threshold to "prevailing party" status by succeeding on a single claim, even if he loses on several others and even if that limited success does not grant him the "primary relief" sought. *McQueary v. Conway*, 614 F.3d 591, 603 (6th Cir. 2010) (quoting *Texas State Tchrs. Ass'n*, 489 U.S. at 791–92).

1. *Trial Counsel's Role in Prevailing Party Status*

Trial Counsel represented Plaintiffs in the months before and throughout trial. Trial Counsel's representation, while only for a few months, included trial preparation, preparation of various filings

7

with this Court such as proposed jury instructions (ECF Nos. 183, 190, 199), motions *in limine* (ECF Nos. 184, 198), and a trial brief (ECF No. 204). On Plaintiffs' claim against Defendant Taczak, the jury found in favor of Defendant Taczak. (ECF No. 218). On Plaintiffs' claims against Defendants Washburn and the City of Chillicothe, the jury found in favor of Plaintiffs. (*Id.*).

Indeed, Plaintiffs' Amended Complaint includes two claims: a Fourth Amendment Claim and a Fourteenth Amendment claim against Defendants Taczak, Washburn, and City of Chillicothe. (ECF No. 4). While this Court granted summary judgment on the Fourth Amendment claim in favor of the Defendants (ECF No. 133), Plaintiffs succeeded on the Fourteenth Amendment claim at trial as the jury returned a verdict in favor of Plaintiffs against all but one defendant (ECF No. 221). Thus, it is clear that Plaintiffs succeeded on at least a single claim and reached "the threshold to a fee award of some kind" at the conclusion of litigation while represented by Trial Counsel. *See Texas State Tchrs. Ass'n*, 489 U.S. at 791–92.

2. *Former Counsel's Role in Prevailing Party Status*

Although Plaintiffs' status as a prevailing party is unquestionable at the conclusion of trial, this Court notes that an argument may be made for Plaintiffs' prevailing party status after the Preliminary Injunction decision while Plaintiffs were represented by Former Counsel. In the Sixth Circuit, to determine whether a "preliminary-injunction winner" is a prevailing party, courts conduct a "contextual and case-specific inquiry." *McQueary*, 614 F.3d at 601. To be considered a 'prevailing party,' a litigant must secure an enduring, irrevocable, court-ordered change in the legal relationship between the parties. *Id.* at 596 (citing *Sole v. Wyner*, 551 U.S. 74, 86 (2007). The Sixth Circuit has gone on to clarify that to receive attorney's fees, a plaintiff who wins a preliminary injunction must obtain a "material change in the legal relationship" that directly benefits the plaintiff by modifying the defendant's behavior towards her. *McQueary*, 614 F.3d at 597–98. While the very definition of a preliminary injunction suggests that it does not cause an irrevocable change in a legal relationship, "the preliminary nature of the relief does not by itself provide a ground for never granting fees." *Id.* at 600

8

(emphasis in original). When the preliminary injunction does more than catalyze a defendant into voluntary action and compels action, the preliminary injunction winner can be considered the "prevailing party." *Id*.

When represented by Former Counsel, Defendants were compelled to act in a way that granted Plaintiffs most of the relief sought: the return of their property. This Court held a preliminary injunction hearing on July 15 and 16, 2019, and found for Plaintiffs. This Court noted it was "at a loss to comprehend the state's failure to file in a timely manner civil forfeiture or request forfeiture in the first indictment." (ECF No. 31 at 20, 24). On April 7, 2020, this Court granted Plaintiffs' motion to enforce the preliminary injunction. (ECF No. 45 at 8–9). This Court ordered that certain property was to be returned without delay. (*Id*. at 8–9). Defendants did not return the property immediately, so the Court set a show-cause hearing and the Court reiterated its order to "turn over all physical property." (*Id*. at 5). Defendants reported, with video evidence to verify, that they surrendered the rolled and rare coins shortly before that order issued and the jar of quarters shortly after. (ECF No. 63).

This series of events supports a finding that Defendants' conduct changed pursuant to an enforceable preliminary injunction. As a result of Plaintiffs' likelihood of success on the merits when Plaintiffs were represented by Former Counsel, Defendants were compelled to act to grant most of the relief Plaintiff requested when bringing this case. This was arguably the "'material' change in the legal relationship" between Plaintiffs and Defendants required for prevailing party status as it "directly benefit[s]" Plaintiffs "by modifying" Defendants' conduct. *See McQueary*, 614 F.3d at 598 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992)).

This Court also recognizes that Former Counsel represented Plaintiffs through summary judgment, over a year after the preliminary injunction was enforced. Plaintiffs and Defendants filed motions for summary judgment on the Fourth Amendment and Fourteenth Amendment claims. (ECF Nos. 94, 110). This Court found in Defendants' favor for the Fourth Amendment claim, holding "Plaintiffs' claims for unconstitutional search, seizure, arrest, and detention are not viable." (ECF No.

9

133 at 17). This Court then denied both parties' Motion for Summary Judgment on the Fourteenth Amendment claim. (*Id*. at 1).

In denying motions for summary judgment on the Fourteenth Amendment claim, however, this Court made it clear that it "has little doubt that Plaintiffs' constitutional rights were violated, for substantially the reasons stated in the preliminary injunction ruling." (ECF No. 133 at 25). This Court then found a constitutional violation as it explained a "significant delay in bringing a forfeiture proceeding can rise to the level of a due process violation under the Fifth and Fourteenth Amendments. . . The delay in this case—from the seizure of Plaintiffs' property in January 2018 to the second indictment in August 2019—was deemed 'substantial and presumptively prejudicial' in the Court's preliminary injunction ruling." (ECF No. 133 at 25–26). This Court further found that the analysis from "the preliminary injunction ruling continues to show a constitutional violation." (*Id*. at 27). Nonetheless, "genuine issues of material fact remain[ed] regarding who is accountable" for the constitutional violation. (*Id*.).

Even if this outcome alone is not enough for prevailing party status, Plaintiffs must only succeed on "any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit," *Texas State Tchrs. Ass'n*, 489 U.S. at 791–92. An award of attorney's fees, thus, may be granted where plaintiff does not achieve victory at the threshold of an action, but succeeds at the end of litigation. *See Touzout v. Am. Best Car Rental KF Corp*., No. 15-61767-CIV, 2017 WL 5957664, at *5 (S.D. Fla. Nov. 30, 2017).

For example, in *Touzout*, plaintiff alleged ten different counts against defendants. *Id*. at *1. The court granted summary judgment in favor of defendants on six of those counts against one defendant and denied defendants' partial motion for summary judgement on the remaining counts. *Id*. The court noted that "Plaintiff was unsuccessful on all the claims disputed in the Motion for Partial Summary Judgment." *Id*. at *5. Plaintiff prevailed, however, at trial when the jury found for plaintiffs as to two

counts and returned a verdict in favor of defendants on all other counts. *Id*. The court stated there was "no dispute that Plaintiff is entitled to attorney's fees." *Id*. at *8. Defendants did not contest plaintiff's entitlement to fees and the court noted that the jury found in favor of plaintiffs, so plaintiff was the prevailing party entitled to attorney's fees. *Id*. at *3.

As in *Touzout*, this Court granted summary judgment in favor of Defendants as to the Fourth Amendment claim, but not the Fourteenth Amendment claim, which proceeded to trial. (ECF No. 133). In fact, this Court made clear at trial that "[t]his Court has found as a matter of law that the Cremeans' constitutional rights to due process were violated. The Constitutional violation was the failure to return all of their property for 19 months . . . ." (ECF No. 217 at 26). The jury returned a verdict in favor of Plaintiffs on the claim against two of the three Defendants. (ECF No. 218). Accordingly, the jury found in favor of Plaintiffs, who therefore have prevailed. This Court may still determine the amount of fees during the time of summary judgment and consider the fact the case went to a four-day jury trial where Plaintiffs were successful on the merits for the Fourteenth Amendment claim. *See Touzout*, 2017 WL 5957664, at *5. The question remains, however, as to whether both Former Counsel and Trial Counsel may seek attorney's fees.

3. *Motions for Attorney's Fees*

Both Former Counsel's and Trial Counsel's representation contributed to Plaintiffs' prevailing party status entitling Plaintiffs to an award of reasonable attorney's fees. These attorney's fees are "mandatory" absent "special circumstances" that would render the award unjust. *Deja Vu*, 421 F.3d at 420. Prevailing party status alone, however, "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Texas State Tchrs. Ass'n*, 489 U.S. at 789–90. District Courts "exercise their equitable discretion in such cases to arrive at a reasonable fee award,

11

either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." *Id*.

There is a dearth of case law considering circumstances, such as here, where there has been a substitution of counsel, at a stage where both counsel have contributed considerably to Plaintiffs' prevailing party status. Nonetheless, there is precedent for considering attorney fees for both former counsel and substituted counsel. *See Touzout*, 2017 WL 5957664, at *6, *8. In *Touzout*, the District Court for the Southern District of Florida held that, in addition to plaintiff's current counsel being entitled to attorney's fees, plaintiff's former counsel was also entitled. *Id*. at *11. Similar to Plaintiffs' Former Counsel here, the former counsel in *Touzout* represented plaintiff from the inception of the case until its withdrawal, one year before trial, and former counsel did not try the case. *Id*. at *6. The court held that plaintiff, after obtaining a jury verdict in its favor at trial, was the prevailing party, and thus entitled to attorney's fees. *Id*. at *3. Plaintiff's former counsel and trial counsel filed motions for attorney's fees which were each granted in part based on plaintiff's prevailing party status and the reasonableness of the fees. *Id*. at *5–7. Former counsel's motion reported 114.30 hours of work, and the court awarded him 58.85 hours (totaling $17,665.00). *Id*. at *9. Trial counsel reported 39 hours of work and was awarded 36 hours (totaling $6,660). *Id*. at *5.

Accordingly, both Former Counsel and Trial Counsel may file motions for attorney's fees for this Court's consideration. Pursuant to Local Rule 54.2, unless a statute or court order provides otherwise, a motion for attorney's fees under Fed. R. Civ. P. 54 must be filed not later than forty-five (45) days after the entry of judgment. S.D. Ohio Civ. R. 54.2. It is **ORDERED** that motions for attorney's fees, if any, shall be filed **on or before December 27, 2024**.[1] Former Counsel may file a

---

[1] On December 10, 2024, and December 12, 2024, Former Counsel filed a Motion for Extension of Time to File Motion for Attorney's Fees and Costs and a Supplemental Motion (ECF Nos. 222, 224). In the motions, Former Counsel requests until January 3, 2025. This Court has set a deadline for December 27, 2024. Accordingly, Former Counsel's Motions for Extension of Time (ECF Nos. 222, 224) are **DENIED.**

motion for attorney's fees for the work done from the inception of this case through summary judgment and until substitute counsel assumed representation on August 22, 2024. Trial Counsel may move for attorney's fees for the period from August 22, 2024, the date Trial Counsel was substituted in to represent Plaintiffs, through December 5, 2024, the end of trial.

Defendants' counsel may file **objections on or before January 10, 2025**. Plaintiffs' counsel may file **replies on or before January 17, 2025.**

Trial Counsel's Motion to Withdraw (ECF No. 220) is **HELD IN ABEYANCE** pending the resolution of Trial Counsel's, if any, post-trial motion for attorney's fees.

### III.    CONCLUSION

Defendants' Motion to Set a Pretrial Status Conference (ECF No. 208), and Motion for Leave to File an Additional Motion *in Limine* (ECF No. 209) are hereby **DENIED as moot**. Plaintiffs Motions for Extension of Time to File Motion for Attorney's Fees and Costs (ECF Nos. 222, 224) are **DENIED.** Plaintiffs' Motion to Withdraw (ECF No. 220) is **HELD IN ABEYANCE** pending resolution of Trial Counsel's post-trial motion for attorney's fees. Parties are **ORDERED** to file any motions for attorney's fees **on or before December 27, 2024**. Objections are due on or **before January 10, 2025**, and replies are due **on or before January 17, 2025**.

**IT IS SO ORDERED.**

*/s/ Algenon L. Marbley*
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  December 13, 2024**