IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLETTE CREMEANS,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:19-cv-02703 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| **SAMANTHA TACZAK,** *et al.*, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before the Court on the Defendants' Motion to Stay Execution of the Court's Order and Collection on the Judgment Pending Appeal and Request to Waive Bond and Security Requirements ("Motion"). (ECF No. 277). The Defendants seek a stay under Rule 62(b), but request that any bond requirement be waived. (*Id.*). For the reasons set forth below, Defendants' Motion is **GRANTED in part and DENIED in part**.

**I. BACKGROUND**

On October 23, 2025, Plaintiffs Nicolette Cremeans and James Cremeans filed a Notice of Appeal. (ECF No. 271). Plaintiffs appeal this Court's Final Judgment Order (ECF No. 221), Post-Judgment Order (ECF No. 269), and all prior interlocutory and post-judgment orders that merge into, or otherwise affect, the Final Judgment. (*Id.*). Subsequently on October 27, 2025, Defendants Keith Washburn and the City of Chillicothe, Ohio cross-appealed. (ECF No. 274). A day later, Defendants filed this Motion requesting an order staying enforcement of the Jury Award (ECF No. 218), the Final Judgment (ECF No. 221), and this Court's Order Granting Plaintiffs' Motion for Attorney's Fees (ECF No. 269). (*See* ECF No. 277). Additionally, Defendants request any bond associated with the stay be waived given the Final Judgment here involves a political subdivision

of the state and therefore "the *City itself*—a constant with taxing authority— constitutes adequate security for the judgment pending appeal." (*Id.*).

On October 30, 2025, this Court issued an Order granting Defendants' Motion to Stay and Request to Waive Bond. (ECF No. 280). That same day, however, Plaintiffs filed a Motion to Clarify and Motion for Extension of Time to reply to Defendants' Motion (ECF No. 281). Accordingly, this Court issued an Order (ECF No. 282) holding in abeyance Defendants' Motion to Stay and this Court's Order Granting the Stay (ECF Nos. 277; 280). Plaintiffs have since filed an Opposition Motion to Defendants' Motion to Waive Supersedeas Bond (ECF No. 284), and Defendants have submitted their reply in support of the Motion (ECF No. 287). Accordingly, this Court now addresses those motions.

## II. LAW & ANALYSIS

Under Federal Rule of Procedure 62(b), a party may obtain a stay any time after judgment is entered by providing a bond or other security. The Rule has a "dual protective role" that balances protecting "both parties' interests, as it ensures that the prevailing party will recover in full if the decision is affirmed, while protecting the other side against a risk that it will not be able to recover any payment made in the event a decision is reversed." *See Buckhorn Inc. v. Orbis Corp.*, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014); *Sofco Erectors, Inc. v. Trustees of Ohio Operating Engineers Pension Fund*, 2021 WL 858728, *2 (S.D. Ohio Mar. 8, 2021). The Sixth Circuit, however, has clarified that "the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C.

2

Cir. 1980)). Accordingly, the court may use its discretion to waive bond when presented with "extraordinary circumstances." *Hamlin v. Charter Township of Flint,* 181 F.R.D. 348, 353 (E.D.Mich.1998). Further, while "supersedeas bond is 'almost always' required, the Sixth Circuit has held that waiver of the bond requirement is appropriate where the court is confident that the judgment debtor has adequate financial resources to satisfy the judgment." *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm.*, 2021 WL 1526277, *2 (E.D. Mich. Apr. 19, 2021). "[T]he court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." *Frommert v. Conkright,* 639 F.Supp.2d 305, 308 (W.D.N.Y.2009).

Here, Defendants assert that their statuses as a political subdivision of the state and an indemnified employee of such makes their ability to pay the bond so obvious as to render the need for a bond unnecessary. (ECF No. 277 at 4) (citing *Gillispie v. City of Miami Twp.*, 2024 WL 897592, *2 (S.D. Ohio Mar. 1, 2024). Defendants also highlight that the City's financials are a matter of public record, and attach an affidavit of Defendant, Keith Washburn, attesting to his community ties and his ability to pay in order to establish that the Judgments are secure without bond. (ECF No. 287 at 3). In opposition, Plaintiffs argue that waiver of bond is not warranted, as the Defendants failed either to provide any financial documentation supporting their ability to pay or present extraordinary circumstances that would dispose of the bond requirement. (ECF No. 284 at 4-6; 11). Additionally, Plaintiffs contest that Defendant Washburn merely speculates that the City will indemnify him and fails to provide adequate support of his or the City's ability to satisfy the Final Judgement. (*Id.* at 6-7).

Defendants assert that Plaintiffs' failure to address their *Gillispie* arguments regarding the City's status as a constant with taxing authority ends the bond analysis; however, this Court finds *Gillispie* distinguishable from the current case. (*See* ECF No. 287 at 1*)*. In *Gillispie*, the Township

3

did not set forth ability to post bond and the court instead ascertained the Township's inability to post bond from public record. *Gillispie*, 2024 WL 897592 at *5; (ECF No. 287 at 3). Additionally, the court noted that the Township's status as a sovereign entity with taxing authority provided security for the judgment; however, this was not the sole reason that the court waived bond. *Gillispie*, 2024 WL 897592 at *5. Rather, the *Gillespie* court also reasoned that enforcing a bond against the Township would cause substantial economic harm given the judgment against it far exceeded the Township's annual budget. (*Id.*). Hence, absent similar extraordinary circumstances, this Court does not find that Defendants' statuses alone warrant waiver of the bond. *See Hoge v. Honda of America Mfg., Inc.*, 2003 WL 1338227, *3 (S.D. Ohio Mar. 3, 2003).

Further, considering the dual protective role of Rule 62, this Court finds that a bond will best protect Plaintiffs interests. *Hamlin*, 181 F.R.D. at 351. Thus, although, this Court does not dispute Defendants' ability to pay the Judgment, this Court will exercise its discretion in ordering Defendants to post bond, especially considering the length of time since final Judgment was entered and the potential length of time it will take to resolve the pending appeals.

### III. CONCLUSION

Therefore, for the reasons stated above, and for good cause shown, this Court **GRANTS in part and DENIES in part** Defendants' Motion to Stay Execution of the Court's Order and Collection on the Judgment Pending Appeal and Request to Waive Bond (ECF No. 277). This case is **STAYED** pending the posting of bond in the full amount of the Final Judgement ($15,001.00) plus attorney's fees ($356,405) and costs ($2,266.55). The Defendants are hereby **ORDERED** to

4

post a supersedeas bond with the Clerk of this Court in amount of $373,672.55. This Court's October 30, 2025, Order (ECF No. 280) is **VACATED**.

    **IT IS SO ORDERED.**

                                                   **ALGENON L. MARBLEY**
                                                   **UNITED STATES DISTRICT JUDGE**

**DATED:  January 6, 2026**