IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NICOLETTE CREMEANS,** *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 2:19-cv-02703 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| **SAMANTHA TACZAK,** *et al.*, : | Magistrate Judge Elizabeth P. Deavers |
| : | |
| Defendants. : | |

**ORDER**

This matter comes before the Court on Plaintiffs' Motion to Declare Supersedeas Bond Void and to Vacate Stay Pending Re-Execution of a Valid Bond (ECF No. 291) and Defendants' Motion to Stay Plaintiffs' Motion (ECF No. 292). On January 6, 2026, this Court issued an Order granting stay of this litigation during the parties' cross appeals to the Sixth Circuit pending Defendants posting of a supersedeas bond. (ECF No. 289). Pursuant to that Order, on February 6, 2026, Defendants posted Notice of Supersedeas Bond. (ECF No. 290). Plaintiffs now contend that such bond was insufficient because defense counsel signed the bond but failed to present any evidence of his authority to sign on behalf of the city. In Plaintiff's view, because the bond lacks execution by the mayor (or other designated officer) and lacks certification by the City Auditor, it was not executed in the manner required by law and is therefore void. (ECF No. 291 at 3). Further, Plaintiffs contend that Defendants' posting of $373,672.55 failed to account for post-judgment interest that has accrued to date. (*Id.* at 4). On March 9, 2026, this Court held a telephonic status conference to discuss the Parties' pending motions addressing the validity of the currently posted bond.

1

Pursuant to the Ohio Revised Code, "[t]he official bonds of all officers of a municipal corporation shall be prepared by its village solicitor or city director of law. Except as otherwise provided in Title VII of the Revised Code, the bonds shall be in such sum as the legislative authority of the municipal corporation prescribes by general or special ordinance and shall be subject to the approval of the mayor. The mayor's bond shall be approved by the legislative authority, or, if it is not legally organized, by the clerk of the court of common pleas of the county in which the municipal corporation or the large part thereof is situated." O.R.C. §733.70. Further, the Code provides that no subdivision shall "make any contract or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount required to meet the obligation … has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances." O.R.C. §5705.41(D)(1). Accordingly, the bond shall be approved by the mayor and be accompanied by the requisite certificate.

Further, "[c]ourts generally require that the amount of the bond include the full amount owed under the award, **post-judgment interest**, attorney's fees and costs." *Verhoff v. Time Warner Cable, Inc.*, 2007 WL 4303743, at *3 (N.D. Ohio Dec. 10, 2007) (emphasis added). Such post-judgment interest should include "a reasonable estimate of the postjudgment interest that will accrue during the pendency of the appeal." *Jack Henry & Assoc., Inc. v. BSC, Inc.*, 753 F.Supp.2d 665, 673 (E.D. Ky. 2010), *aff'd,* 487 F. App'x 246 (6th Cir. 2012); *see also EB-Bran Productions, Inc. v. Warner Elektra Atlantic, Inc.*, 2006 WL 1851010, at *3 (E.D. Mich. July 5, 2006) (including post interest judgment amount in supersedeas based on estimate that appeal would take 18 months).

2

This Court estimates the appeal process will take no more than two years. As such, this Court reasonably estimates post-judgment interest to be $ 1,290.09 (for two years at the rate of 4.3%).[1]

As such, this Court **ORDERS** defense counsel, within **thirty (30) days** of this Order, to re-post supersedeas bond pursuant to this Court's Amended Order (ECF No. 296) in the full amount of the Final Judgement ($15,001.00) plus attorney's fees ($356,405), costs ($2,266.55), and post-judgment interest ($1,290.09). Until then, this Court **AFFIRMS** that the current posted bond shall serve as security of the stay until the thirty (30) day period has elapsed. Further, defense counsel is **DIRECTED** to secure the signature of the mayor and comply with the steps outlined in Ohio Revised Code §§733.70, 5705.41(D)(1) to ensure the validity of the supersedeas bond. Finally, given the Defendants have withdrawn the request to stay briefing in light of the Court's status conference (ECF No. 295), Defendants' Motion to Stay Plaintiffs' Motion (ECF No. 292) is hereby **DENIED as MOOT**. Plaintiffs' Motion to Declare Supersedeas Bond Void and to Vacate Stay Pending Re-Execution of a Valid Bond (ECF No. 291) is **GRANTED in PART and DENIED in PART.**

IT IS SO ORDERED.

_____
ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATE:  March 11, 2026**

---

[1] Pursuant to 28 U.S.C. § 1961 this Court calculated post-judgment interest from the date of the entry of judgment (December 6, 2024), at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding (November 29, 2024, at 4.3%). *See* 28 U.S.C. § 1961; *Jack Henry & Assocs.,* 753 F.Supp.2d at 667; *Barrett v. Detroit Heading, LLC*, 2007 WL 2649714, at *2 (E.D. Mich. Sept. 10, 2007). Postjudgment interest at a rate of 4.3% for two years on the damages ($15,001.00 × 0.043 × 2 years) = $1,290.09.