IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NICOLETTE CREMEANS, *et al.*,      :
                                   :
         Plaintiffs,               :      Case No. 2:19-cv-02703
                                   :
    v.                             :      Chief Judge Algenon L. Marbley
                                   :
SAMANTHA TACZAK, *et al.*,         :      Magistrate Judge Elizabeth P. Deavers
                                   :
         Defendants.               :

## OPINION & ORDER

This matter comes before this Court on Plaintiffs' Motion to Clarify and/or Correct, on an Expedited Basis, Supersedeas Bond Orders (ECF Nos. 298, 299), Defendants' Motion for Reconsideration and Opposition to Plaintiffs' Motion 299 (ECF No. 302), and Defendant's Unopposed Motion for Extension of Time (ECF No. 303). For the reasons that follow, Plaintiffs' Motion (ECF Nos. 298, 299) and Defendants' Motion for Reconsideration and Opposition to Plaintiffs' Motion 299 (ECF No. 302) are **GRANTED in part and DENIED in part**. Defendant's Unopposed Motion for Extension of Time (ECF No. 303) is **GRANTED**.

## I.      BACKGROUND

On January 6, 2026, this Court issued an Order granting stay of this litigation during the parties' cross appeals to the Sixth Circuit pending Defendants posting of a supersedeas bond. (ECF No. 289). Pursuant to that Order, on February 6, 2026, Defendants posted Notice of Supersedeas Bond. (ECF No. 290). Plaintiffs contend that such bond was insufficient because defense counsel signed the bond but failed to present any evidence of his authority to sign on behalf of the city. In Plaintiff's view, because the bond lacked execution by the mayor and lacked certification by the City Auditor, it was not executed in the manner required by law and was therefore void. (ECF No.

1

291 at 3). Further, Plaintiffs contend that Defendants' posting of $373,672.55 failed to account for post-judgment interest that has accrued to date. (*Id.* at 4).

On March 11, 2026, this Court issued an Order requiring defense counsel, to re-post a supersedeas bond pursuant to this Court's Amended Order (ECF No. 296) in the full amount of the Final Judgement ($15,001.00) plus attorney's fees ($356,405), costs ($2,266.55), and post-judgment interest ($1,290.09). (ECF No. 297). Further, this Court directed defense counsel to secure the signature of the mayor and comply with the steps outlined in Ohio Revised Code §§733.70, 5705.41(D)(1) to ensure the validity of the supersedeas bond. (*Id.*).

On March 16, 2026, Plaintiffs filed their Motion to Clarify and/or Correct, on an Expedited Basis, Supersedeas Bond Orders  (ECF Nos. 298, 299) noting that this Court's calculation of the bond failed to include post judgment interest on the attorney's fee awards and does not "reflect the full post judgment interest on both judgments, computed daily and compounded annually pursuant to 28 U.S.C. §1961(a)–(b)." (ECF No. 299 at 1). On April 6, 2026, Defendants filed a Motion for Reconsideration of this Court's March 11, 2026, Order in which they also oppose Plaintiffs' Motion to Clarify (ECF No. 299). (ECF No. 302). Defendants argue: (1) that neither Ohio Revised Code §§ 733.70, 5705.41(D)(1) apply to the posting of a supersedeas bond; and (2) this Court should reject Plaintiffs requests to increase the bond by $51,785.37 to a total of $427,696.93. (*Id.* at 6–7, 10).

## II.    ANALYSIS

On April 13, this Court held a telephonic status conference to discuss the pending motions and concluded that there are three outstanding issues this Court must address: (1) whether the City Auditor is required to certify the supersedeas bond in order for it to be validly executed; (2) from which date(s) postjudgment interest accrual should be calculated; and (3) the

total amount of the supersedeas bond, including postjudgment interest on the damages judgment, attorney's fees, and costs.

First, this Court will address the parties' dispute regarding who is required to sign the supersedeas bond on behalf of the city in order for it to be validly executed. In this Court's March 11, 2026, Order, this Court directed Defendants to secure the signature of the mayor and comply with the steps outlined in Ohio Revised Code §§ 733.70[1], 5705.41(D)(1) to ensure the validity of the supersedeas bond. (ECF No. 297 at 3). Defendants contend that it is not feasible to comply with this Court's Order as neither statute applies in the context of a supersedeas bond. (ECF No. 202 at 5–7). Plaintiffs counter that Defendants are obligated to obtain the signature of the mayor pursuant to Ohio Revised Code § 733.03 and that the City Auditor must certify the funds under Ohio Revised Code § 705.41(D)(1). (ECF No. 305 at 2–3).

"A supersedeas bond is a **contract** by which a surety obligates itself to pay a final judgment rendered against its principal under the conditions stated in the bond." *City of San Antonio, Texas v. Hotels.com, L. P.*, 593 U.S. 330, 334 (2021) (quoting 13 A Cyclopedia of Federal Procedure § 62.19 (3d ed. Supp. 2021)) (emphasis added). Additionally, under Ohio law, supersedeas bonds are treated and interpreted like any other contract. *Hall v. Consol. Freightways Corp. of Delaware*, 142 F. App'x 875, 878 (6th Cir. 2005). As such, this Court reasons that in order to execute the supersedeas bond, all other provisions under Ohio law regarding a city's authority to contract shall also apply in the context of supersedeas bonds. As Plaintiffs correctly acknowledged Ohio case law supports that the authority to execute contracts rests with the mayor pursuant to Ohio Revised Code § 733.03. *Coyne v. Salvatore*, 2002-Ohio-5819, ¶ 80 (8th Dist.) ("The power to execute contracts, although not included in this statute, is

---

[1] Neither party contests that Ohio Revised Code §733.70 is not applicable to this case. This Court's former direction instructing Defendant's to comply with that statute is nullified.

also not in conflict with the statute and properly belongs to the mayor."); *Union Stock Yards v. Hillsboro*, 2010-Ohio-5975, ¶ 21 (4th Dist.). Despite Defendants contention that Ohio Revised Code §733.03 does not apply at all, Defendants still concede that they can secure the Mayor's signature on the instrument. As such, this Court will require the supersedeas bond to be executed by the Mayor.

Additionally, Plaintiffs contend that this Court must require the City Auditor to approve the supersedeas bond pursuant to § 5705.41(D)(1), which provides that no political subdivision may "**make any contract** or give any order involving the expenditure of money unless there is attached thereto a certificate of the fiscal officer of the subdivision that the amount required to meet the obligation … has been lawfully appropriated for such purpose and is in the treasury or in process of collection to the credit of an appropriate fund free from any previous encumbrances." Ohio Revised Code § 5705.41(D)(1).

As mentioned above, this Court reasons the supersedeas bond is a contract and is to be treated as such. Accordingly, this Court reaffirms its prior Order for Defendants to comply with § 5705.41(D)(1) and obtain a certificate from the appropriate fiscal officer. The purpose of the statute is to: "(1) to prevent fraud and the reckless expenditure of public funds[;] and (2) to preclude the creation of any valid obligation against [the government entity] above or beyond the fund previously provided and at hand for such purpose." *Duke Energy One, Inc. v. Cincinnati State Tech. & Community College*, 2022-Ohio-924, ¶ 24 (1st Dist.) (internal quotation marks and citation omitted). As such, Ohio case law supports that the statute applies to any contract made by a political subdivision and without such certificate any contract formed will be unenforceable. *Id.* ¶ 23 ("That statute specifically provides that a contract entered into without the certification is 'void.'"); *City of Toledo v. Corr. Comm. of Northwest Ohio*, 2017-Ohio-9149, ¶ 51 (6th Dist.)

4

("The failure to attach a certificate as required by R.C. 5705.41(D)(1) is fatal to the validity of the contract"). As such, because the posting of the supersedeas bond is a contract made by the city Ohio Revised Code § 5705.41(D)(1) shall apply.

Next, Plaintiffs contend that post-judgment interest on attorney's fees shall be included in the supersedeas bond and interest on the fees began to accrue on December 13, 2024, which is the date this Court recognized Plaintiffs' entitlement to fees. (ECF No. 299). Defendants counter that interest should only be calculated from September 26, 2025, which is the date this Court actually entered the fee award. (ECF No. 302 at 10). In Defendant's view, given that fee awards under Section 1983 are discretionary, and this Court's December 13, 2024, Order merely instructed the parties to submit their fee motions, that order did not constitute a "judgment that unconditionally entitles the prevailing party to a reasonable attorney fee." (*Id.*). This Court finds Defendants' arguments to be misguided.

The Sixth Circuit has held that pursuant to Section 1961(a), "interest begins to accrue from the date of the award unconditionally entitling the plaintiff to fees, even though that award did not quantify the precise sum to which plaintiffs were entitled." *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 589 (6th Cir. 2002) (citing *Associated General Contractors of Ohio, Inc. v. Drabik,* 250 F.3d 482, 495 (6th Cir.2001)). Defendants' contention that this Court's December 13, 2024, Order merely ordered the parties to submit their fee motions is incorrect. This Court specified that "[Plaintiffs' counsel's] representation contributed to Plaintiffs' prevailing party status entitling Plaintiffs to an award of reasonable attorney's fees." (ECF No. 225 at 11). As such, it was on December 13, 2024, that this Court recognized Plaintiff's entitlement to fees despite this Court requesting briefing from the parties. This Court holds that Plaintiffs are

5

entitled to interest on attorney's fees running from December 13, 2024, the date Plaintiffs became unconditionally entitled to such fees.

Finally, this Court must address the total calculation of the supersedeas bond. Plaintiffs contend this Court's March 11, 2026, Order failed to include the post-judgment interest which had already accrued on the $15,001 damage judgment from December 6, 2024, to March 11, 2026, and instead only included the projected post-judgment interest on the damages judgment for the prospective two-year appeal period. (ECF No. 299 at 3). Defendants argue that this Court should use its discretion to decline Plaintiffs' request to increase the bond amount by including post judgment interest on the attorney fee award. (ECF No. 302 at 8). Defendants contend that increasing the bond is not "legally required" nor is increasing the bond necessary to "properly secure the judgment" given that this Court does not dispute Defendants ability to pay and is requiring bond as part of its discretion. (*Id.* at 9).

As this Court reasoned in its March 11, 2026, Order, "[c]ourts generally require that the amount of the bond include the full amount owed under the award, post-judgment interest, attorney's fees and costs." *Verhoff v. Time Warner Cable, Inc.*, 2007 WL 4303743, at *3 (N.D. Ohio Dec. 10, 2007). Post judgement interest should include "a reasonable estimate of the postjudgment interest that will accrue during the pendency of the appeal." *Jack Henry & Assoc., Inc. v. BSC, Inc.*, 753 F.Supp.2d 665, 673 (E.D. Ky. 2010), aff'd, 487 F. App'x 246 (6th Cir. 2012); *see also EB-Bran Productions, Inc. v. Warner Elektra Atlantic, Inc.*, 2006 WL 1851010, at *3 (E.D. Mich. July 5, 2006) (including post interest judgment amount in supersedeas based on estimate that appeal would take 18 months). Additionally, post-judgment interest must be assessed not only on the damages award, but also on the amount of attorney's fees. *See Vick v. Metropolitan Life Ins. Co.*, 2006 WL 8431558, *6 (E.D. Mich. June 22, 2006) ("Post-judgment

6

interest should be imposed on all money damages including pre-judgment interest and attorney fees.").[2] This Court additionally notes that the Sixth Circuit has reasoned that "'the amount of the bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay…'" *U.S. ex rel. Lefan v. Gen. Elec. Co.*, 397 F. App'x 144, 151 (6th Cir. 2010) (quoting 11 Charles Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2905 (3d ed.)). As such, this Court uses its discretion to increase the bond to include postjudgment interest on the fee/cost judgment as it sees fit.

Plaintiffs additionally contend that the bond should have included post judgment interest on the damages award from December 6, 2024, to March 11, 2026, in addition to the projected post-judgment interest on that judgment for the prospective two-year appeal period. As such, Plaintiff contends the proper calculation should account for interest accrued from December 6, 2024, to March 11, 2028, which is two years following this Court's March 11, 2026, Order setting the supersedeas bond. This Court disagrees. This Court's post judgment interest calculation projects a two-year appeal period from the date of judgment December 6, 2024, and concludes two years later on December 6, 2026. This Court did not reason that Plaintiffs were entitled to a projected two-year appeal period from the date of its March 11, 2026, Order nor do Plaintiffs point to any case law supporting that the projected appeal period is to be calculated from the date of the court's order setting the supersedeas bond. This Court relies on precedent within the Sixth Circuit which holds that interest during the projected appeal period accrues from the date of judgment. *See McClusky v. Century Bank, FSB*, 2014 WL 12748232, at *1 (S.D. Ohio Apr. 25, 2014); *Lincoln Elec. Co. v. MPM Techs., Inc.*, 2009 WL 3246936, at *2 (N.D. Ohio Oct. 6, 2009).

---

[2] This Court denied Plaintiffs' Motion for Prejudgment Interest in its September 26, 2025, Order. (ECF No. 269). Accordingly, prejudgment interest will not be factored into the supersedeas bond calculation.

Even considering that the cross appeals in this case did not occur until well after the final judgment (*See* ECF Nos. 271, 274), this Court's two-year projected appeal period is still sufficient. Defendants filed their notice of cross appeal in this case on October 27, 2025. (ECF No. 274). The Sixth  Circuit currently takes on average 8.7 months to decide an appeal once the Notice of Appeal is filed. *See* Administrative Office of the U.S. Courts, Federal Judicial Caseload Statistics 2025, Table  B-4  (https://www.uscourts.gov/sites/default/files/document/jb_b4_0930.2025.pdf)  (last visited Apr. 15, 2026); *see also Kaufman v. Knipp*, 2024 WL 692691, at *4 (N.D. Ohio Feb. 20, 2024) (projecting postjudgment interest based on the Sixth Circuit's average amount of appeal time). Thus, the Sixth Circuit's 8.7 month average return time from October 27, 2025, is still within this Court's projected two year appeal period beginning from the date of judgment. This amount of time is more than sufficient to cover the projected post judgment interest. As such, this Court's projected two-year appeal period captures the projected post-judgment interest from the date of judgment, December 6, 2024, until December 6, 2026, for the damages judgment, and from December 13, 2024, until December 13, 2026, for the attorney's fees and cost award.

Next, this Court must address the proper calculations for the supersedeas bond. Pursuant to 28 U.S.C. § 1961(b) interest shall be computed daily to the date of payment and compounded annually. As such, this Court calculates post-judgment interest on the damages judgment from the date of the entry of judgment (December 6, 2024), at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding (November 29, 2024, at 4.3%). *See* 28 U.S.C. § 1961; *Jack Henry & Assocs.*, 753 F.Supp.2d at 667; *Barrett v. Detroit Heading, LLC*, 2007 WL 2649714, at *2 (E.D. Mich. Sept. 10, 2007).

As for postjudgment interest on the fee/cost judgment this Court calculates from the date Plaintiffs became entitled to fees (December 13, 2024), at a rate equal to the weekly average 1-year constant maturity Treasury yield, for the calendar week preceding (December 6, 2024, at 4.19%). This Court calculates the total supersedeas bond including the damages award, post-judgment interest on the damages, attorney's fees and costs, and post judgment interest on the fee/cost judgment as follows:

| Judgment | Principal | Accrual Date | Rate (compounded annually) | Projected Interest for two years from the date of judgment | Total |
|---|---|---|---|---|---|
| Damages | $15,001 | 12/6/2024 | 4.30% | $1,317.82 | $16, 318.82 |
| Fees/Costs | $358,671.55 ($356,405 in fees + $2,266.55 in costs) | 12/13/2024 | 4.19% | $30,686.36 | $389,357.91 |
| Total Bond | | | | | **$405, 676.73** |

### III.    CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Clarify and/or Correct, on an Expedited Basis, Supersedeas Bond Orders  (ECF Nos. 298, 299) and Defendants' Motion for Reconsideration re 297 Order on Motion for Miscellaneous Relief, Order on Motion to Stay, 296 Order and Opposition to Plaintiffs' Motion 299  (ECF No. 302) are **GRANTED in part and DENIED in part**. Defendants' Unopposed Motion for Extension of Time (ECF No. 303) is **GRANTED**.

This Court hereby **ORDERS** defense counsel, within ten (10) days of this Order, to re-post the supersedeas bond with the Clerk of this Court in the full amount of **$405, 676.73**. Until then, this Court **AFFIRMS** that the current posted bond shall serve as security of the stay until

the ten (10) day period has elapsed. Further, defense counsel is **DIRECTED** to secure the signature of the mayor and obtain a certificate from the appropriate city fiscal officer certifying the amount of the bond has been lawfully appropriated for such purpose and is free from any encumbrances in compliance with Ohio Revised Code §5705.41(D)(1) to ensure the validity of the supersedeas bond. Upon the posting of the supersedeas bond, this Court's March 11, 2026, Order (ECF No. 297) shall be **VACATED**.

      **IT IS SO ORDERED.**

      **ALGENON L. MARBLEY**
      **UNITED STATES DISTRICT JUDGE**

**DATE:  April 20, 2026**