**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **NICOLETTE CREMEANS,** *et al.*, | : | **Case No. 2:19-cv-02703** |
| | : | |
| | : | |
| **Plaintiffs,** | : | **Judge Algenon L. Marbley** |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| v. | : | |
| | : | |
| | : | |
| **SAMANTHA TACZAK,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**<u>OPINION & ORDER</u>**

This matter is before the Court on Defendants' Motion to Stay the Ten-Day Compliance Deadline Previously Ordered Pending Ruling by the Sixth Circuit on Defendants' FRAP 8(A)(2) Motion. (ECF No. 308). For the reasons set forth below, Defendants' motion is **DENIED**.

**I.       BACKGROUND**

This case has an extensive procedural history. The following facts are relevant to the motion *sub judice*. On January 6, 2026, this Court issued an Order granting stay of this litigation during the parties' cross appeals to the Sixth Circuit pending Defendants posting of a supersedeas bond. (ECF No. 289). Pursuant to that Order, on February 6, 2026, Defendants posted Notice of Supersedeas Bond. (ECF No. 290). Plaintiffs contend that such bond was insufficient because defense counsel signed the bond but failed to present any evidence of his authority to sign on behalf of the city. In Plaintiff's view, because the bond lacked execution by the mayor and lacked certification by the City Auditor, it was not executed in the manner required by law and was therefore void. (ECF No. 291 at 3). Further, Plaintiffs contend that Defendants' posting of $373,672.55 failed to account for post-judgment interest that has accrued to date. (*Id.* at 4).

1

On March 11, 2026, this Court issued an Order requiring defense counsel to re-post a supersedeas bond pursuant to this Court's Amended Order (ECF No. 296) in the full amount of the Final Judgement ($15,001.00) plus attorney's fees ($356,405), costs ($2,266.55), and post-judgment interest ($1,290.09). (ECF No. 297). Further, this Court directed defense counsel to secure the signature of the mayor and comply with the steps outlined in the Ohio Revised Code to ensure the validity of the supersedeas bond. (*Id.*).

On March 16, 2026, Plaintiffs filed their Motion to Clarify and/or Correct, on an Expedited Basis, Supersedeas Bond Orders, (ECF Nos. 298, 299) noting that this Court's calculation of the bond failed to include post judgment interest on the attorney's fee awards and does not "reflect the full post judgment interest on both judgments, computed daily and compounded annually pursuant to 28 U.S.C. §1961(a)–(b)." (ECF No. 299 at 1). On April 6, 2026, Defendants filed a Motion for Reconsideration of this Court's March 11, 2026, Order in which they also oppose Plaintiffs' Motion to Clarify (ECF No. 299). (ECF No. 302).

On April 20, 2026, this Court ordered defense counsel to repost the supersedeas bond in the amount of $405, 676.73 which reflected the damages award, postjudgment interest on the damages, attorney's fees and costs, and post judgment interest on the fee/cost judgment within ten (10) days of the order. (ECF No. 307 at 9). This court also directed defense counsel to secure the signature of the mayor and obtain a certificate from the appropriate city fiscal officer certifying the amount of the bond has been lawfully appropriated for such purpose and is free from any encumbrances in compliance with Ohio Revised Code §5705.41(D)(1) to ensure the validity of the supersedeas bond. (*Id.* at 10).

On April 25, 2026, Defendants filed the motion *sub judice* stating that Defendants filed a motion to the Sixth Circuit Court of Appeals requesting that the Sixth Circuit vacate or

significantly modify the bonding and stay requirements this Court ordered. (ECF No. 308 at 1). Defendants note that "the review Defendants seek in the Sixth does not automatically stay this Court's deadline to repost the bond subject to the conditions now being challenged in the Sixth. So, the relief sought via this motion is … preservation of the status quo until the Sixth Circuit rules on the Motion." (*Id.* at 2). Defendants specifically request this Court stay its prior ten (10) day deadline to repost the bond and "suggest" that this Court allow the already posted bond to continue to secure the stay until the Sixth Circuit rules on the pending motion. (*Id.*).

## II.  STANDARD OF REVIEW

Whether to enter a stay "ordinarily rests with the sound discretion of the district court." *Ohio Envtl. Council v. United States Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). A litigant requesting a stay pending a circuit court's disposition of an interlocutory appeal must demonstrate: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *PartyLite Gifts, Inc. v. Swiss Colony Occasions*, 2007 WL 2351287, at *1 (E. D. Tenn. Aug. 14, 2007) (citing *Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F. 3d 224, 227 (6th Cir.2004); *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F. 2d 150, 153 (6th Cir. 1991)).

## III.  LAW & ANALYSIS

Defendants do not argue that there is a reasonable probability that their motion to the Sixth Circuit will be granted nor that there is a significant probability that this Court's Order will be overturned. Rather Defendants merely cite that "compliance with at least one condition is impossible." (ECF No. 308 at 2). This Court has reiterated on multiple occasions its reasoning as

to the necessity of the supersedeas bond, given the dual protective role of Federal Rule of Civil Procedure 62. (ECF No. 296) ("[C]onsidering the dual protective role of Rule 62, this Court finds that a bond will best protect Plaintiffs interests. … Thus, although, this Court does not dispute Defendants' ability to pay the Judgment, this Court will exercise its discretion in ordering Defendants to post bond, especially considering the length of time since final Judgment was entered and the potential length of time it will take to resolve the pending appeals."). Additionally, in its April 20, 2026, Order, this Court opined as to why it was requiring signature of the mayor and a certificate from the appropriate city fiscal officer to ensure validity of the bond. (ECF No. 307 at 10).

Absent demonstration of the elements to secure a stay by the moving party, this Court sees no reason to grant one. Further, given that the Defendants have cited their ability to seek an emergency stay in the Sixth Circuit, this Court does not see how absent this Court granting a stay Defendants would be irreparably harmed. Accordingly, Defendants' Motion is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to the Ten-Day Compliance Deadline Previously Ordered Pending Ruling by the Sixth Circuit on Defendants' FRAP 8(A)(2) Motion (ECF No. 308) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: April 29, 2026**

4